OPINION OF THE COURT
Memorandum.
The judgment appealed from and the order of the Appellate Division brought up for review should be affirmed, with costs.
This case involves a dispute between plaintiff general contractor and defendants, the owners of the Buffalo Hilton Hotel, with respect to the responsibility for construction de *892 fects in the hotel. Defendants contend that the trial court erred in charging the jury that the architect and his structural engineer were subject to certain inspection requirements contained in the Buffalo Building Code and in reading those provisions to the jury during deliberations. Further, defendants contend that the trial court erred by ruling that the architect and the structural engineer were solely responsible for the design of the concrete mix used in the construction of the hotel garage. Defendants claim that these alleged errors added to the responsibilities of the architect, who, under the parties’ contract, is defendants’ agent and responsible for design, and reduced the responsibility of plaintiff, who, under the contract is responsible for materials and workmanship.
The trial court explicitly charged the jury that plaintiff bore the responsibility for materials and workmanship, and that the architect bore the responsibility for construction design. The court further explained that the failure of the architect or the structural engineer to properly perform their inspection duties did not relieve the contractor of its obligations, as follows: “The failure of the architect or his agent to properly inspect does not relieve the contractor from any responsibility for defects caused by the improper workmanship of either the contractor or its subcontractors. However, in determining the damages which may flow from such a defect, you may consider whether any failure of the architect or agent to properly inspect contributed to or added to the damages and exclude such addition or contribution from damages for which you hold the contractor liable.”
The charge required the jury to make a threshold determination whether construction defects resulted from the contractor’s poor workmanship. Only if the jury concluded that the defects resulted from inferior workmanship could it then determine whether the “damages” attributable to the contractor should be reduced based on the architect’s failure to properly perform his inspection duties.
Here, the record indicates that the jury never considered that issue. One of the interrogatories contained in the verdict sheet was whether "the delamination (lack of bonding) in the second floor of the garage [was] due in whole or in part to improper workmanship or materials by John W. Cowper Company or its subcontractors”. The jury answered this question in the negative. Based on the court’s charge, once the jury made this finding, it had no occasion to determine whether the architect and the structural engineer failed to *893 properly perform their inspection duties. There were no "damages” attributable to the contractor which could be reduced based on any alleged failure by the architect or structural engineer in the performance of their duties. Therefore, contrary to the view expressed by the dissent, any error with respect to the charging of additional inspection duties did not affect the verdict.
The trial court’s ruling that the architect was solely responsible for the design of the concrete mix did not preclude defendants from presenting evidence that the failure of the concrete topping to bond to the planks used in the construction of the hotel garage was caused by inferior materials or workmanship. Furthermore, the structural engineer changed the design of the concrete mix during construction. This evidence indicates that the contractor was dependent on the architect and the structural engineer for the design requirements of the concrete mix. Since the jury found that the defects in construction did not result from poor materials and workmanship, the ruling, even if erroneous, did not contribute to the verdict.
Defendants’ contention that General Condition 9.9.2 of the parties’ contract, requiring that plaintiff completely pay off its subcontractors before it can receive final payment from the owner was not satisfied in this case, is without merit. This action encompasses claims for various progress payments which plaintiff contends defendants never paid. Therefore, the condition precedent does not apply in this case. Our analysis and result in this case should in no way be read or understood to affect or undermine the ordinary and accepted interpretation or legal relationship between contracting parties under the standard form American Institute of Architects contract.
We have considered defendants’ other contentions and find them to be without merit.