■ WALTER SAKOW et al., Respondents, v 633 SEAFOOD RESTAURANT, INC., Appellant. [642 NYS2d 652] —Judgment, Supreme Court, New York County (Walter Schackman, J., and a jury), entered February 15, 1995, awarding plaintiffs the sum of $719,389.56, unanimously affirmed, with costs.

The jury charge and interrogatories regarding the burden of proof were not confusing and did not improperly shift the burden of proof to defendant. The court's charge presented a clear and correct statement of the law on burden of proof with respect to plaintiffs' allegation in the complaint that their substantial advancement of funds made to defendant was a construction loan, rather than an investment in the restaurant owned by the defendant, and properly placed the burden of proof on defendant to establish its defense that the parties' agreement encompassed a two-thirds loan and one-third equity interest in the defendant corporation, and counterclaim, alleging that defendant was entitled to a return of the stock which had been issued to plaintiff Marion Sakow because it had never agreed to issue stock to her for no consideration (*see, Brignoli v Balch, Handy & Scheinman*, 178 AD2d 290; *Mix v Neff*, 99 AD2d 180).

Nor did the trial court err in advising the jury that they could consider the interrogatories in any order they saw fit since the trial court's charge, coupled with the three mutually exclusive interrogatories submitted to the jury made it virtu-

ally impossible that the jury would be confused or misled (*see, Cowper Co. v Buffalo Hotel Dev. Venture*, 72 NY2d 890, 892-893).

Finally, we find that the jury verdict was amply supported by substantial credible evidence that the advances made by plaintiffs to the defendant corporation were loans, rather than an equity investment, including entries made by Cutler, the preincorporation promoter of defendant corporation, in the checkbook of the defendant corporation, identifying all but two of the advances made by plaintiffs as "Loans"; three checks for an aggregate amount of $200,000, which bore the notation, in Cutler's handwriting, that the funds were loans from plaintiff Marion Sakow; and the 1988 general ledger of the defendant corporation, identifying the money received from plaintiffs as having been loans.

We have considered defendant's remaining arguments and find them to be without merit. Concur—Rosenberger, J. P., Wallach, Kupferman and Williams, JJ.