■ Banque Indosuez, Respondent-Appellant, v Sopwith Holdings Corp. et al., Appellants-Respondents. Sopwith Holdings Corp. et al., Appellants-Respondents, v Banque Indosuez et al., Respondents-Appellants. Banque Indosuez, Respondent-Appellant, v Roberto Blatt et al., Appellants-Respondents. Banque Indosuez, Respondent-Appellant, v Roberto Blatt et al., Appellants-Respondents. [684 NYS2d 531] —Judgment, Supreme Court, New York County (Beatrice Shainswit, J., and a jury), entered June 11, 1998, in favor of plaintiff bank and against two of defendant customers for losses incurred by such customers in foreign exchange trading ac-

counts they maintained with the bank, in favor of the bank and against the individual defendants for varying obligations to indemnify the bank for the corporate customers' obligations to the bank, and in favor of three of defendant customers and against the bank for wrongful retention of collateral, unanimously affirmed, without costs.

This Court's prior order (241 AD2d 342) affirming the denial of the bank's motion for summary judgment did not limit the discretion of the trial court to make evidentiary rulings (*see, Caster v Increda-Meal, Inc.*, 238 AD2d 917, 919) or bind it to submit each of the customers' claims to the jury (*see, Sorrentino v Ronbet Co.*, 244 AD2d 262). In the latter regard, the use of a special verdict, which asked the jury only whether there were any unauthorized trades and left it to the court to determine the legal consequences of the jury's answer, was a proper exercise of discretion, since unauthorized trading was the lynchpin of all of the customers' claims against the bank. The jury's finding that the bank did not engage in unauthorized trading effectively disposed of the customers' claims of breach of fiduciary duty, negligent misrepresentation, commercial bad faith and fraud, and the customers were not prejudiced by the trial court's refusal to charge such claims. Nor is there merit to the customers' argument that the trial court reversed the burden of proof on the issue of whether the disputed trades were unauthorized. The bank established its prima facie case through testimony as to its procedures and the introduction into evidence of the trade tickets, confirmations and monthly statements pertaining to each transaction, which the customers admittedly received and did not object to in writing, whereupon the burden of proof was shifted to the customers to establish their defense that the trades were unauthorized (*see, Sakow v 633 Seafood Rest.*, 227 AD2d 249; *cf.*, General Obligations Law § 5-701 [b] [3] [b] [eff Sept. 18, 1994 after the disputed trades were made]; *see, Banque Worms v Bank Am. Intl.*, 77 NY2d 362, 371-372). The customers presented extensive testimony in this regard, which the jury chose to reject, and there is no reason to disturb this credibility determination.

There is no merit to the bank's argument that the customers should be judicially estopped from asserting that the bank wrongfully withheld collateral, the bank relying on a position that was raised by the customers not in a prior proceeding but in this proceeding, and which was not adopted by the court (*see, Kalikow 78/79 Co. v State of New York*, 174 AD2d 7, 11). Nor does the jury's finding that the bank wrongfully took funds

of three of the customers to satisfy the losses of the other two conflict with the trial court's finding of personal liability on the part of the customers' principals. The three customers did not cross-collateralize the obligations of the other two, and the finding of the principals' individual liability was based on certain indemnity agreements, not on piercing of the corporate veil. The bank could have easily protected itself from the inequities it now claims by properly monitoring the margin accounts or by obtaining cross collateral agreements.

We have considered the parties' other claims for affirmative relief and find them to be unavailing. Concur—Rosenberger J. P., Ellerin, Tom and Mazzarelli, JJ.