■ JULIUS FERENCZY, Appellant, v MURRAY HILL PARTNERS et al., Respondents. [707 NYS2d 319] —Judgment, Supreme

Court, New York County (Edward Lehner, J.), entered April 12, 1999, dismissing the complaint at the close of plaintiff's case, and bringing up for review an order, same court (Barbara Kapnick, J.), entered March 18, 1998, which denied plaintiff's motion for summary judgment, unanimously affirmed, without costs.

Plaintiff's Labor Law § 200 and common-law negligence claims were properly dismissed for lack of evidence that defendant directed or controlled the contractor's work (see, Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877). Plaintiff's argument that he was improperly precluded from putting in evidence of such direction and control by the trial court's incorrect ruling that he had rested his case is not reviewable, the relevant portions of the trial transcripts not having been included in the record on appeal (see, Kahn v City of New York, 37 AD2d 520, 521, affd 30 NY2d 690; Serpe v Eyris Prods., 243 AD2d 375, 380). The Labor Law § 240 (1) claim was properly dismissed since plaintiff was not faced with an elevation-related hazard (see, Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 500-501). The plywood plank was not a device designed to protect workers from an elevation-related hazard. Plaintiff's motion to amend his pleadings to allege violations of Industrial Code (12 NYCRR) § 23-1.7 (d), (e) and (f) was properly denied since the claimed violations are without support in the trial testimony. Concur—Mazzarelli, J. P., Ellerin, Lerner, Andrias and Friedman, JJ.