■ SANDCHAM REALTY CORP. et al., Appellants, v SHERMAN TAUB, Respondent, et al., Defendants. ROBERT JACOBS et al., Appellants, v TENZER, GREENBLATT, FALLON & KAPLAN et al.,

Respondents. [740 NYS2d 26] —Appeal from order, Supreme Court, New York County (Jane Solomon, J.), entered October 24, 2000, which granted defendants' motion for summary judgment dismissing the complaint, deemed an appeal from the judgment, same court and Justice, entered December 7, 2000, dismissing the complaint, and so considered, the judgment is unanimously affirmed, with costs. Appeal from order, same court and Justice, entered April 16, 2001, which, to the extent appealable, denied plaintiffs' motion for renewal, unanimously dismissed as abandoned, without costs. Appeal from order, Supreme Court, New York County (Richard Lowe, III, J.), entered on or about September 28, 1994, which granted defendants' motion to dismiss the first through fifth causes of action in *Jacobs v Tenzer, Greenblatt, Fallon & Kaplan*, unanimously dismissed, without costs.

Pursuant to CPLR 5501 (c), plaintiffs' appeal from the order entered October 24, 2000 is deemed to be taken from the ensuing judgment entered December 7, 2000 (*see, Molinaro v Bedke*, 281 AD2d 242). The causes of action for breach of fiduciary duty and malpractice brought by a client against his former attorneys, involving allegations of conflict of interest in the course of extended representation in real estate syndications and related litigation, were properly dismissed on the ground of judicial estoppel based on plaintiff Jacobs' assertion in an affidavit submitted in California litigation in which he supported the challenged authority of the trustee named in the property exchange agreement (*cf., Banque Indosuez v Sopwith Holdings Corp.*, 257 AD2d 519, 520, *lv denied* 93 NY2d 806). The fraud claims were properly dismissed. The alleged representation that Jacobs had the right to select the property in the nonrecognition exchange (*see,* Internal Revenue Code [26 USC] § 1031) was contradicted by the express terms of the exchange agreement, rendering his claimed reliance on such representation unjustifiable as a matter of law (*see, Societe Nationale d'Exploitation Industrielle des Tabacs et Allumettes v Salomon Bros. Intl.*, 249 AD2d 232). The claim based on the allegation that the attorneys fraudulently had Jacobs sign an agreement naming defendant Taub as trustee was properly dismissed on the ground of judicial estoppel, since Jacobs' affidavit had upheld Taub's authority, and would have been properly dismissed on the additional ground that Jacobs had a duty to read the document before signing it.

Although defendants failed to carry their heavy burden of demonstrating that the appeal from the September 28, 1994 order is untimely, having failed to submit proof of service of a

copy of said order with notice of entry (*see*, CPLR 5513 [a]), we dismiss this appeal nonetheless because of plaintiffs' failure to include in the record on appeal the motion papers that were before Justice Lowe (*see, Ferenczy v Murray Hill Partners*, 272 AD2d 68). "Appellant[s] having submitted the appeal on an incomplete and insufficient record must abide the consequences." (*Di Francesco v Di Francesco*, 23 AD2d 740, 740.)

We have considered plaintiffs' other contentions and find them unavailing. Concur—Williams, P.J., Nardelli, Tom and Lerner, JJ.