LEONARD LEVENTHAL, Plaintiff, v. NATHAN STRAUS et al., Defendants.

Municipal Court of the City of New York, Borough of The Bronx, March 30, 1950.

*Shanley Norris Egeth* for plaintiff.
*L. David Weiss* for defendants.

LORETO, J.  This suit has been instituted to recover the security of $150 given by the plaintiff to the defendants under a written lease and also to recover damages in the sum of $37.50, representing one half of the rental paid for the month of September, 1949, based on defendants' alleged breach of the covenant of quiet enjoyment.  A counterclaim has been interposed by the defendants for rent unpaid and for damages representing the cost required to redecorate the apartment, vacated by the plaintiff before the end of the lease term.

The premises covered by the lease consist of a two-room apartment facing the rear courtyard of defendants' property, located in the borough of the Bronx, New York City.  One room was used as combination bedroom and living room and the other room was used for both kitchen and dining purposes.  In September, 1949, the defendants erected a porch, directly over the window of the larger room of the plaintiff's apartment, approximately fifteen feet across the width of the building, extending out six and one-half feet.  As a consequence of this construction, there resulted a substantial diminution of light and to some extent of the air admitted through the single window of the apartment.  The plaintiff promptly notified the defendants of his objections to this condition and declared his intent to remove from the apartment by the end of the following month, which he did.

These briefly, are the facts in this case.  And the issue raised is whether the acts of the defendants constitute an eviction of the plaintiff.

The term " eviction " is generally applied to a situation involving the actual expulsion of the tenant from the physical occupancy or possession of the demised premises.  However, it has also been held to arise in a situation where the landlord's acts constitute an interference, material and permanent in character, with the tenant's beneficial use and occupancy thereof, without the latter's consent. In such an instance, it has been held that since the tenant is deprived of the beneficial enjoyment of the demised premises, by reason of the wrongful acts of the landlord, the consideration of his agreement to pay rent fails (*Edgerton* v. *Page*, 20 N. Y. 281).

In the rental of an apartment, the tenant's rights are not necessarily confined to its interior.  It may carry some rights extending beyond the four walls of the apartment.  For instance, in the absence of an agreement to the contrary, such rental carries as an easement of way to the common halls and passages, giving access to the apartment from the street, and the unjusti-

fied refusal of the landlord to permit the tenant to exercise this right, constitutes an eviction, defeating the landlord's action for rent (*Presby* v. *Benjamin*, 169 N. Y. 377).

And likewise, the rental of an apartment with windows unobstructed, overlooking an open courtyard, part of the property on which the building is erected, carries with it the right to the continuous access to light and air, and whether termed "appurtenance" or "easement", it is part of the demise and the landlord may not with impunity interfere with it without the tenant's consent. Such is the situation in this case.

It has been held in *Schulte Realty Co.* v. *Pulvino* (179 N. Y. S. 371, 373 [Appellate Term, First Department] per LEHMAN, J.): "The demise to the tenant undoubtedly included right of access to his premises and right to light and ventilation, and any act of the landlord which physically interfered with these rights of the tenant constitute in my opinion an invasion of the demised premises and a partial eviction of the tenant therefrom. * * * If the demise includes the right to light and air, and the landlord physically interferes with such light and air, his act must logically constitute an eviction of the tenant from the beneficial enjoyment of part of the demise". (See, also, *Adolphi* v. *Imglima*, 130 N. Y. S. 130.)

The court finds in this case that the erection of the offending porch was without the tenant's consent and resulted in a substantial reduction of light and air to his apartment, which in the eyes of the law constitutes a partial eviction of the tenant.

Therefore, for the period from the middle of September, 1949, when the porch was erected to the end of October, 1949, when the tenant removed from the premises, the landlord's right to collect rent was suspended, since an actual eviction from a portion of the premises suspends the rent as to the whole (*Fifth Ave. Bldg. Co.* v. *Kernochan*, 221 N. Y. 370).

"A covenant of quiet enjoyment will be implied in oral leases. It results from the mere relation of the parties * * *. [citations]" (*Fifth Ave. Bldg. Co.* v. *Kernochan, supra,* p. 376). The tenant having paid the rent for the month of September in advance, was entitled to quiet enjoyment of the premises the entire month. The landlord breached this covenant by his act and the tenant's damages resulting therefrom are one half of the month's rent paid in advance. The October rent, he did not pay and will not be required to pay.

The tenant was justified under the circumstances in surrendering possession within a reasonable time and in treating the lease

as terminated. Accordingly, he is entitled to recover the security deposited by him under the lease and also as damages the sum of $37.50 representing one half of the September rent paid by him. The court finds no merit to the defendants' counterclaim.

Accordingly, the court grants judgment to the plaintiff for the sum of $187.50 claimed by him, and dismisses the defendants' counterclaim on the merits. Ten days' stay.