Edward G-. Baker, J.
Defendant is the owner in fee of three adjoining parcels of land located in the County of Kings, which, taken together, have a frontage on the southerly side of Bemsen Street of 76 feet, a frontage on the northerly side of Grace Court of 76 feet and a depth on each side of 180 feet. On the Bemsen Street frontage there are erected three attached multifamily dwellings known as and by the numbers 40, 42 and 44 Bemsen Street. Each of these dwellings occupies a portion of a separate plot described in the deed to defendant by metes and bounds. Each plot so described extends from the southerly side of Bemsen Street to the northerly side of Grace Court, a distance of 180 feet.
The plaintiffs are tenants occupying apartments in said premises. They seek judgment in this action (1) declaring that they possess easements of light and air over the vacant portion of said premises to the rear of the apartments occupied by them respectively and (2) enjoining and restraining said defendant from proceeding with the erection, on the vacant portion of said premises, of a six-story apartment house for the erection of which plans have been filed, and approved by the appropriate authority.
It is plaintiffs’ claim that the building proposed to be erected would substantially curtail light and air which they presently enjoy and that the creation of a new zoning lot for the proposed apartment house would, with respect to premises 40 Bemsen Street, render the lot upon which 40 Bemsen Street now stands substandard in area and, thus, violative of certain provisions of the zoning resolution of the City of New York as amended and presently in force.
At the time of the commencement of this action certain of the plaintiffs occupied the ground floor rear and the first floor rear of said premises. These plaintiffs claimed the additional right to the actual use of the vacant portions of said premises known as the gardens, for passive recreation and for ingress and egress to and from Grace Court. These tenants having vacated their respective apartments prior to the trial, the question of their alleged rights is no longer the subject of litigation.
The defendant’s answer denies generally the material allegations of the complaint, and asserts by way of affirmative defense, in substance, (1) that there was no express written grant to plaintiffs of any easement of light and air, or of any right to the use of the vacant land in the rear of the buildings and *788 (2) that the property acquired by defendant by deed from Trans-Boro Realty Corp., dated May 10, 1960, consisted of five separate and distinct tax lots described on the Tax Maps of the Borough of Brooklyn, City of New York as follows: 40 Remsen St., Block 251, part of Lot 26; 42 Remsen St., Block 251, part of Lot 26; 44 Remsen St., Block 251, Lot 28, these lots having a depth from Remsen St. of 100 feet; vacant adjoining land to the rear of 40, 42 and 44 Remsen St., and described as Block 251, lots 45, 44 and 43 having a depth from Grace Court of 80 feet; that the plan filed by defendant proposes the erection of a building on tax lots 45, 44 and 43 (now tax lot 43) on which lot there will remain a rear yard approximately 22 feet in depth measured from the rear line of the proposed building to the rear lot line of premises 40, 42 and 44 Remsen St., leaving an average distance of more than 40 feet between the rear line of the proposed building and the rear lines of the buildings known as 40, 42 and 44 Remsen Street.
The apartment building which defendant proposes to erect and for which plans have been filed and approved and a permit issued will be six stories (approximately 68 feet in height) and 52 feet in depth from Grace Court. It is conceded that there will remain between the rear wall of the proposed building and the windows of the apartments occupied by the remaining plaintiffs an open, unobstructed area of approximately 60 feet in depth.
In the rear of, adjoining, and part of the building known as No. 40 Remsen Street, is a one-story and basement brick extension the rear wall of which is 1 foot 10% inches north of the northerly line of the vacant land upon which defendant proposes to erect the apartment building. 40 Remsen Street is located in a Residence Use District “ B Area ” under the provisions of the Zoning Resolution of the City of New York. Section 12 of article IV of the resolution provides that in such an area, a building 40 feet or more in height requires a rear yard at least 10 feet in depth and a lot coverage no greater than 65% of the lot area. The building known as 40 Remsen St. exceeds 40 feet in height. Plaintiffs contend that the creation of a new zoning lot 76 feet by 80 feet sufficient for the erection of the proposed building would reduce or diminish the depth of the existing zoning lot, and the area thereof, to such an extent that the open space or yard to the rear of 40 Remsen Street would be less in depth, and the area occupied by the building greater, than prescribed in the zoning resolution, thus resulting in a violation which plaintiffs may enjoin.
*789 Two tenants, lessees and occupants of apartments in premises No. 44 Remsen Street, and plaintiffs in the action, testified at the trial. Neither of them, nor any of the remaining plaintiff lessees, had access from his or her apartment to the open area or “ gardens ” (the area in dispute) in the rear of the buildings known as 40, 42 and 44 Remsen Street. Each of said plaintiffs testified that, prior to the execution of her lease, she observed the gardens from the windows of her apartment, but neither of them nor any other witness in the action testified to facts which would warrant a finding that her lease was consummated as a result of any agreement or representation, express or implied that the entire area to the rear would remain open and unobstructed for the duration of her lease. The rental advertisements for the two apartments leased by these tenants contained no reference whatever to the open area or “ gardens ”, nor did either lease, or any other lease in evidence contain any reference thereto. No other tenant plaintiff testified. The fact that defendant’s immediate predecessor in title, in advertising the apartments for rent and in showing them to prospective tenants called attention to the garden area, cannot be construed as a representation to all tenants that the entire area would remain open and unobstructed. All but two of these advertisements related to apartments occupied by tenants who had access to the vacant area and the right to use it. These tenants are no longer parties to this action.
The evidence shows, however, that the only windows in plaintiffs’ apartments (the only source of light and air), face upon and overlook the vacant area to the rear thereof. Each of the buildings stands upon a plot which, by record description, extends from Remsen Street to Grace Court and includes the vacant area. The fact that the entire rear vacant area is designated on the tax maps by a separate tax description is of no significance upon the question whether such area was appropriated to use with the buildings to the extent hereinafter stated. Irrespective of the absence from their leases of express grant, each of the plaintiffs acquired and has an easement over the vacant area in the rear of his apartment to the extent necessary to assure passage of adequate light and air to the windows thereof. (Doyle v. Lord, 64 N. Y. 432; Bauer v. Schwartz, 122 Misc. 630, affd. 211 App. Div. 812.)
The cases cited by defendant are not to the contrary. In Mannino v. Conoco Realty Corp. (86 N. Y. S. 2d 855) plaintiffs claimed an easement of light and air over a separate adjoining lot belonging to the defendant, and not over the vacant part of the same lot as that upon which plaintiffs ’ building was erected. *790 The distinction is clearly stated in American Jurisprudence, vol. 32, Landlord & Tenant, § 175:
“ In considering whether an easement of light and air passes as an incident to, or by implication under, a lease of a building, a distinction is to be drawn between cases in which the right to access to light and air is claimed over an adjacent lot of the lessor and cases in which it is claimed over other portions of the same premises which are not included in the lease.
‘1 A landlord has no right to erect structures on other parts of the same premises which would obstruct the light and air to windows in the building demised.
“ Thus, where a building or part of a building which does not cover the entire lot is leased, and has windows overlooking the vacant portion of the lot, this has been held to carry an easement of light and air over such vacant portion of the lot, and the lessor has no right to build upon such vacant land so as unreasonably to obstruct the windows; this is on the theory that the vacant portion of the lot on which the building stands is appropriated to use with the building so as to pass as appurtenant to the building so far as to give easements of light and air to the lessees.”
Their right to an easement does not mean, however, that plaintiffs may enjoin all use by defendant of the vacant area. Defendant’s right to improve or build upon the area is limited only to the extent necessary to assure preservation of plaintiffs’ rights to light and air.
The proof before the court does not warrant a conclusion that the building proposed to be erected will, to any material extent, obstruct the passage of light and air to the windows of their respective apartments. Between the rear wall of the proposed building and the windows of plaintiffs’ apartments there will remain an open, unobstructed area of approximately 60 feet. Plaintiffs’ apartments are located on the second floor level or above. It seems obvious, and the court so finds, that the proposed structure will not unreasonably obstruct their windows, or interfere in any appreciable degree with the passage of light and air.
One other point raised by plaintiffs remains to bo disposed of. It is their claim that the erection of the proposed new building on the vacant plot described would result in a violation, as to premises 40 Remsen Street, of the Zoning Resolution of the City of New York. Whether or not this be the fact, the question need not be determined here.
Only one of the plaintiffs occupies an apartment in 40 Remsen Street. It has not been established, and there is no evidence *791 before the court to indicate, that this tenant will he disturbed in his possession or will suffer or is likely to incur any special damages by reason of the alleged violation. Proof of such special damages, or the likelihood of impairment of substantial rights of plaintiff is essential to his cause of action. (Daub v. Popkin, 5 A D 2d 283, affd. 4 N Y 2d 1024.) The only damage claimed by this plaintiff is that the proposed structure will interfere substantially with his alleged easement of light, air and view. This court has determined that neither he nor any of the plaintiffs had an easement of view, and that the proposed structure will not result in any appreciable interference with their rights to light and air. Accordingly, judgment is directed in favor of defendant dismissing plaintiffs ’ complaint.