Guy Gilbert Bibaudo, J.
This is an action by a landlord to recover two months ’ rent from the tenant as damages for failure of the tenant to give proper written notice of removal. The tenant alleges constructive eviction and interposes one counterclaim for $92 being the amount of security deposited with the *607 predecessor landlord and a second counterclaim for $184 being two months’ rent as and for the constructive eviction for the months of January and February, 1961. The tenant also makes a money claim for moving expenses as an item of damage.
The tenant, a physician, was a statutory tenant in a six-room apartment located in the City of New York and used as a private dwelling apartment and as a physician’s office. Sometime in August, 1960, the owner of an adjoining parcel of land to the north of the tenant’s apartment built an extension to enlarge a store which when completed blocked the windows of the two bedrooms occupied by the tenant. Soon thereafter, the tenant filed a petition for a reduction in rent with the Bent Commission upon the grounds of loss of air and light, which petition was denied. However, on December 16, 1959, the Building and Housing Department of the City of New York placed a violation against the premises, plaintiff’s Exhibit 1, reading as follows: 11 Violation issued on 12/16/59 #36 — Interior rooms unlawfully occupied for living purposes, 1st story east apt. Northeast room & 2nd room from east at north. Conform to Section 213 sub. 5 of the Multiple Dwelling Law — if lawfully feasible or discontinue for living purposes. Dismissed 4/6/61.”
In order to conform with the regulations the landlord on December 30, 1960 gave notice to the tenant to remove the violation within 10 days by discontinuing the use of the two rooms in question as bedrooms. This was a second demand upon the tenant. The tenant did nothing and on February 20, 1961 her attorney sent a letter to the landlord by certified mail advising landlord that she was removing from the premises on February 28, 1961, and demanding the return of the security on deposit.
This was the series of events leading to this lawsuit and which presents several problems to the court. (1) Was the tenant constructively evicted by this landlord from the apartment and entitled to damages therefor? (2) Is the tenant entitled to the return of the security? (3) Can this tenant recover damages alleged to have been incurred by reason of moving expenses? And, (4) Is the landlord entitled to recover two months’ rent by reason of the tenant’s alleged failure to give proper notice of removal?
For the purposes of clarity, the court will deal with each question in the order as set forth above.
(1) By interposing a defense of constructive eviction the tenant herein is in effect claiming that her quiet enjoyment of the premises has been breached and that she was also entitled *608 to an easement of light and air through the bedroom windows. It has long been recognized that in this State a tenant receives no implied easements of light and air over premises adjoining the demised premises whether the adjoining promises arc owned by a third party or by the landlord of the demised premises. Such a right must be granted by express terms. (See 1 Rasch, Landlord and Tenant [1950 ed.], §§ 892, 894 and the cases cited therein; also 32 Am. Jur., Landlord and Tenant, § 175.) It is quite obvious that the landlord herein did not erect the wall which deprived this tenant of the air and light in the bedrooms and he cannot be charged with any fault and cannot be said to have violated the right of the tenant to the quiet enjoyment of the premises. The results might have been different had the facts been within those as set forth in Leventhal v. Straus (197 Misc. 798 [1950]). In that case, the deprivation of light and air was occasioned by the landlord himself erecting a porch directly over the window of the tenant and on the property which was part of the demised premises. In the instant case, we have a third-party landlord and owner of the adjoining premises who committed the act that deprived the tenant of her light and air and there could be no constructive eviction by this landlord. (See Aliber v. Remsen St. Co., 31 Misc 2d 786 [1961].)
(2) Upon the evidence, the tenant is entitled to the return of the security deposited -with the predecessor landlord which deposit the landlord admits having.
(3) The tenant claims damages (removal expenses) by reason of the alleged constructive eviction. This is not a proper item of damages. The tenant voluntarily removed from the premises and vacated without the impetus of a judicial proceeding. (Rosner v. Textile Binding & Trimming Co., 300 N. Y. 319.)
(4) The landlord seeks to recover two months’ rent claiming that he was entitled to two months’ written notice from this statutory tenant. If the tenant herein could be considered a statutory business tenant, then the landlord may be justified. However, it was brought out during the trial that the tenant applied to the Rent Commission for a reduction in rent, to which the landlord objected. It is the court’s considered opinion that since the landlord appeared in and acquiesced to the Rent Commission proceeding, he in effect waived any claim to this tenant’s being classified as a business tenant. Since the tenant is therefore a residential statutory tenant, the landlord, if entitled to any notice, was entitled to only 30 days. The tenant’s notice of removal will therefore be effective at the end of March, 1961, and the landlord entitled to that one month’s rent.
*609 I find in favor of the landlord for the sum of $92. The defendant’s counterclaim for return of security is granted in the sum of $92 and the counterclaims for damages due to the alleged constructive eviction and moving expenses are dismissed on the merits.