■ BOARD OF MANAGERS OF REGAL WALK CONDOMINIUM I et al., Respondents, v COMMUNITY MANAGEMENT SERVICES OF STATEN ISLAND, INC., et al., Appellants. [640 NYS2d 784] —In an action to recover damages, *inter alia,* for alleged breach of fiduciary duty, (1) the defendant Ted Schoenberg appeals from so much of an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated March 22, 1995, as denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as it is asserted against him, and (2) Community Management Services of Staten Island, Inc., appeals from so much of the same order as denied that branch of the defendants' motion which was for a protective order relating to the discovery of its financial records.

Ordered that the order is affirmed insofar as appealed from by the defendant Ted Schoenberg, without costs or disbursements; and it is further,

Ordered that the order is reversed insofar as appealed from by the defendant Community Management Services of Staten Island, Inc., without costs or disbursements, the branch of the defendants' motion which was for a protective order relating to the discovery of its financial records is granted to the extent that the court shall examine the corporate financial records sought by the plaintiffs in camera to determine whether they contain confidential information, and if they do, the court may require the parties to enter into a confidentiality order or to redact any information the disclosure of which would prejudice third parties, and the matter is remitted to the Supreme Court, Richmond County, for further discovery proceedings in accordance herewith.

The plaintiffs, the Board of Managers of a residential condominium complex on Staten Island, brought this action in the Supreme Court, Richmond County, against Community Management Services of Staten Island, Inc. (hereinafter CMSSI), the former managing agent of the complex. The plaintiffs alleged that, during the approximately eight years in which CMSSI was the managing agent of the complex, it engaged in financial improprieties amounting to breach of fiduciary duty, breach of contract, and negligence. The plaintiffs also sought to pierce the corporate veil and to hold the defendant Ted Schoenberg, the president and sole shareholder of CMSSI, personally liable for compensatory and punitive damages.

After issue was joined, the defendants moved to dismiss the complaint against Schoenberg, claiming that the plaintiffs had not pleaded facts sufficient to justify piercing the corporate veil. The defendants also sought a protective order against discovery of corporate and individual financial records, claiming that the records sought were irrelevant and that their disclosure would violate the privacy of other clients of CMSSI.

By order dated March 22, 1995, the Supreme Court, Richmond County (Sangiorgio, J.), denied those branches of the motion which were to dismiss the complaint and to preclude discovery of the corporate financial records.

Contrary to Schoenberg's argument, to avoid summary judgment dismissing their cause of action against him, the plaintiffs are not required to demonstrate that CMSSI would be unable to satisfy any judgment rendered against it. It is enough that the plaintiffs have demonstrated a triable issue of fact (1) as to whether Schoenberg exercised complete domination over the corporation with respect to the transactions at issue and (2) as to whether the domination was used to commit a fraud or wrong which resulted in the plaintiffs' injury (*see, Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 141).

Moreover, we are satisfied that the corporate financial records sought by the plaintiffs are relevant to the issues at hand. Nevertheless, to avoid any potential prejudice to other clients of CMSSI, the court shall examine the financial records in camera to determine whether they contain confidential information. If so, then the court may require the parties to enter into a confidentiality order or to redact any information the disclosure of which would prejudice third parties. Thompson, J. P., Sullivan, Joy and Florio, JJ., concur.