■ MYRON SHEINBERG et al., Appellants, v 177 E. 77, INC., et al., Respondents. [670 NYS2d 19] —Judgment, Supreme Court, New York County (Carol Huff, J.), entered on or about October 8, 1997, which, *inter alia*, granted defendants' cross motion to dismiss plaintiffs' first amended complaint and denied plaintiffs' motion for leave to serve a second amended complaint, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered September 25, 1997, unanimously dismissed, without costs, as subsumed within the appeal from the judgment.

The motion court reviewed the allegations of the first amended complaint pursuant to the appropriate standard (*see, Kliebert v McKoan*, 228 AD2d 232, *lv denied* 89 NY2d 802),

and properly dismissed the first, third, fifth and sixth causes of action relating to the garden, and the light and air above it, for failure to state a cause of action based upon an implied easement by necessity (*see, Pickett v Whipple,* 216 AD2d 833, 834); for failure to state a cause of action based on an implied easement by estoppel and representation (*see, Lafayette Auvergne Corp. v 10243 Mgt. Corp.,* 35 NY2d 834; *Olin v Kingsbury,* 181 App Div 348, 355; *Katz 737 Corp. v Shapiro,* 107 Misc 2d 127, 129; *Aliber v Remsen St. Co.,* 31 Misc 2d 786); and for failure to state a cause of action based on an interest arising from an appurtenance to a leasehold (*see, Kingsway Realty & Mtge. Corp. v Kingsway Repair Corp.,* 223 App Div 281, 284).

The motion court also properly dismissed the second and fourth causes of action which allege that the garden and the open space above it constituted a service within the meaning of the Rent Stabilization Law, since proceedings on that issue were pending before the Division of Housing and Community Renewal (*see, Sohn v Calderon,* 78 NY2d 755, 768-769; *Greenthal & Co. v 301 E. 21st St. Tenants' Assn.,* 91 AD2d 934, 935).

The seventh cause of action alleging a breach of the covenant of quiet enjoyment was properly dismissed, since the complaint failed to allege any interference with easements or appurtenances or an actual or constructive eviction (*see, Barash v Pennsylvania Term. Real Estate Corp.,* 26 NY2d 77, 85-86; *Murphy v Vivian Realty Co.,* 199 AD2d 192, 195). The eighth cause of action, relating to documents, was properly dismissed since it was dependent on the viability of the prior causes of action.

Finally, the motion court properly denied plaintiffs' motion for leave to serve a second amended complaint in order to interpose a ninth cause of action seeking to pierce the corporate veils of defendants 177 East 77, Inc. and 178 E. 78, Inc., since the motion was unsupported by particularized statements detailing fraud or other corporate misconduct (*see,* CPLR 3013; *Walkovszky v Carlton,* 18 NY2d 414, 417; *Metropolitan Transp. Auth. v Triumph Adv. Prods.,* 116 AD2d 526) and would in any event be irrelevant in light of the dismissal of the complaint.

We have considered plaintiffs' remaining arguments and find them to be without merit. Concur—Rosenberger, J. P., Ellerin, Nardelli and Wallach, JJ.