■ BELLA LEITNER, Respondent, v JASA HOUSING MANAGEMENT SERVICES FOR THE AGED, INC., Appellant. [776 NYS2d 588]—

In an action to recover damages for personal injuries, the defendant appeals from so much of (1) an order of the Supreme Court, Queens County (Polizzi, J.), dated June 4, 2003, as denied that branch of its motion which was pursuant to CPLR 3013 to dismiss the complaint, and, sua sponte, granted the plaintiff leave to amend her complaint within 30 days after the date of the order, and (2) an order of the same court dated November 21, 2003, as denied that branch of its motion which was to dismiss the complaint for failure to timely comply with the provision of the order dated June 4, 2003, granting the plaintiff leave to serve an amended complaint.

Ordered that on the Court's own motion, the notice of appeal

from so much of the order dated June 4, 2003, as, sua sponte, granted the plaintiff leave to amend her complaint within 30 days after the date of the order is treated as an application for leave to appeal from that part of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the orders are affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The Supreme Court providently exercised its discretion in denying that branch of the defendant's motion which was pursuant to CPLR 3013 to dismiss the complaint on the ground that the allegations were not sufficiently particular to give notice of the location and nature of the occurrence to be proved and the material elements of the cause of action (*see* CPLR 3013; *cf. DiMauro v Metropolitan Suburban Bus Auth.,* 105 AD2d 236 [1984]). The Supreme Court also properly, sua sponte, granted the plaintiff leave to amend her complaint within 30 days after the date of the order dated June 4, 2003, which was also the date the answer was deemed served (*see* CPLR 3025 [b]). Since the plaintiff could have served an amended complaint as of right within 20 days after the answer was deemed served (*see* CPLR 3025 [a]), the 30 days given by the court, in effect, extended the plaintiff's time by only 10 days. Furthermore, there was no surprise or prejudice to the defendant (*see Edenwald Contr. Co. v City of New York,* 60 NY2d 957, 959 [1983]; *McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp.,* 59 NY2d 755, 757 [1983]; *Tsachalis v City of Mount Vernon,* 262 AD2d 399 [1999]; *Corsale v Pantry Pride Supermarket,* 197 AD2d 659 [1993]).

Moreover, since the defendant had notice of the cause of action from the original complaint, that branch of its motion which was to dismiss the amended complaint for failure to timely comply with the provision of the order dated June 4, 2003, granting her leave to serve an amended complaint was properly denied (*see Jacobs v Guardian Life Ins. Co. of Am.,* 110 AD2d 823 [1985]).

The defendant's remaining contention is without merit (*see 175 E. 74th Corp. v Hartford Acc. & Indem. Co.,* 51 NY2d 585, 590 n 1 [1980]). Prudenti, P.J., Florio, H. Miller, Schmidt and Cozier, JJ., concur.