■ SHERIDAN BROADCASTING CORPORATION et al., Appellants, v SYDNEY SMALL et al., Respondents. [798 NYS2d 45]—

Order, Supreme Court, New York County (Helen E. Freedman, J.), entered August 5, 2004, which, to the extent appealed from, granted defendants' motion to dismiss the second, third, fourth, fifth, sixth and seventh causes of action, unanimously affirmed, with costs.

Although plaintiffs' second through sixth causes of action arose out of defendants' purported breach of a partnership agreement, that agreement was between plaintiff Sheridan Broadcasting Networks and defendant NBN Broadcasting only. In an effort to circumvent the fact that the breach complained of was not actually committed by NBN, plaintiffs endeavored to pierce the corporate veil to permit them to assert the subject claims against the corporate defendants and their principal. In that connection, it is well settled that "[t]hose seeking to pierce a corporate veil . . . bear a heavy burden of showing that the corporation was dominated as to the transaction attacked and that such domination was the instrument of fraud or otherwise resulted in wrongful or inequitable consequences" (*TNS Holdings v MKI Sec. Corp.*, 92 NY2d 335, 339 [1998]).

Piercing the corporate veil generally "requires a showing that: (1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury" (*Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 141 [1993]). Parent and subsidiary or affiliated corporations are, as a rule, treated separately and independently so that one will not be held liable for the contractual obligations of the other absent a demonstration that there was an exercise of complete dominion and control (*see Meshel v Resorts Intl. of N.Y.*, 160 AD2d 211, 213 [1990]), but "[e]vidence of domination alone does not suffice without an additional showing that it led to inequity, fraud or malfeasance" (*TNS Holdings*, 92 NY2d at 339).

In the instant situation, the motion court aptly determined that plaintiffs have not alleged, with the requisite "particularized statements detailing fraud or other corporate misconduct," facts that would warrant piercing the corporate veil (*Sheinberg v 177 E. 77*, 248 AD2d 176, 177 [1998], *lv dismissed in part and denied in part* 92 NY2d 844 [1998]), especially since "[a]n inference of abuse does not arise . . . where a corporation was formed for legal purposes or is engaged in legitimate business" (*TNS Holdings*, 92 NY2d at 339-340). Indeed, plaintiffs have not asserted facts that would establish that the individual de-

fendant, through his domination, "abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice against [plaintiffs] such that a court in equity will intervene" (*Matter of Morris*, 82 NY2d at 142). Thus, the motion court properly determined that plaintiffs' second through sixth causes of action were insufficiently pleaded. The seventh cause of action for breach of a separate right-of-first-refusal agreement was untimely. We have considered plaintiffs' other arguments and find them unavailing. Concur—Andrias, J.P., Marlow, Sullivan, Ellerin and Nardelli, JJ.