■ Olivia Ward, Respondent, v Cross County Multiplex Cinemas, Inc., et al., Appellants, et al., Defendant. [878 NYS2d 334]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered June 18, 2008, which, in an action for personal injuries, denied defendants' motion for summary judgment dismissing the complaint and granted plaintiff's cross motion for leave to serve a supplemental summons and amended complaint naming Quincy Amusements, Inc. (Quincy) as a defendant, unanimously reversed, on the law, without costs, defendants' motion granted and the cross motion denied. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

The complaint should have been dismissed as against National Amusements, Inc. (NAI), the parent corporation of Quincy, the owner of the theater where plaintiff's accident occurred. Plaintiff fails to allege the type of domination which must be

shown to pierce the corporate veil so as to hold NAI liable for the purported negligence of Quincy (*see Sheridan Broadcasting Corp. v Small*, 19 AD3d 331 [2005]). Moreover, since defendant Cross County Multiplex Cinemas, Inc. (Cross County) had no legally cognizable existence at the time of plaintiff's accident in February 2004, having merged into Quincy in January 2002, the complaint is dismissed as against it as well.

Nor may plaintiff rely on the relation-back doctrine to assert claims against Quincy. The fact that Quincy is a wholly-owned subsidiary of NAI, without more, does not demonstrate that they are united in interest (*see Achtziger v Fuji Copian Corp.*, 299 AD2d 946, 948 [2002], *lv dismissed in part and denied in part* 100 NY2d 548 [2003]). Furthermore, although a surviving corporation succeeds to the liabilities of the merged corporation, Cross County ceased to exist more than two years prior to plaintiff's accident and thus, Quincy could not have assumed liabilities which had not yet arisen. Concur—Mazzarelli, J.P., Sweeny, Nardelli, Freedman and Richter, JJ.