Dillon, J. (concurring in part and dissenting in part).
We disagree with the conclusion of the majority that the complaint fails to state a cause of action against the defendant Victor Canseco for the alleged wrong committed by the defendant Sandpebble Builders, Inc., under a “piercing the corporate veil theory” as to the 2006 construction services contract. For reasons set forth below, we agree with the Supreme Court’s denial of that branch of the defendants’ motion which was to dismiss as to that cause of action, but disagree with the Supreme Court’s denial of that branch of the defendants’ motion which was to dismiss the cause of action against the defendant Victor Canseco for the alleged wrong committed by the defendant Sandpebble Builders, Inc., under a “piercing the corporate veil theory” as to the 2005 estimating services contract.
This appeal illustrates the tension that sometimes exists between the requirement of CPLR 3013 that pleadings provide sufficient detail of the plaintiffs grievances to enable the defendant to prepare a defense, and the liberal “notice pleading” requirements of CPLR 3026.
*130 The sole criterion in considering a motion to dismiss pursuant to CPLR 3211 (a) (7) is whether “from [the complaint’s] four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law” (Gershon v Goldberg, 30 AD3d 372, 373 [2006], quoting Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]; see CPLR 3211 [a] [7]). A party seeking to pierce the corporate veil must establish that “(1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiffs injury” (Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 141 [1993]; see also AHA Sales, Inc. v Creative Bath Prods., Inc., 58 AD3d 6 [2008]; Millennium Constr., LLC v Loupolover, 44 AD3d 1016, 1016 [2007]; Matter of Goldman v Chapman, 44 AD3d 938, 939 [2007]). “The party seeking to pierce the corporate veil must establish that the owners, through their domination, abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice against that party such that a court in equity will intervene” (Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d at 142; see Millennium Constr., LLC v Loupolover, 44 AD3d at 1016; Weinstein v Willow Lake Corp., 262 AD2d 634, 635 [1999]; Hyland Meat Co. v Tsagarakis, 202 AD2d 552, 553 [1994]).
Complaints, including those which seek to pierce corporate veils, are subject to the “notice pleading” requirements of CPLR 3013, which are to be liberally construed (see CPLR 104, 3026; Severino v Salisbury Point Co-ops., 21 AD2d 813 [1964]; Foley v D’Agostino, 21 AD2d 60, 63 [1964]). Notice pleading is satisfied so long as the pleading provides notice to an adversary of the transactions or occurrences giving rise to a claim (see CPLR 3013; Rapoport v Schneider, 29 NY2d 396, 403 [1972]; Foley v D’Agostino, 21 AD2d at 68; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3013:2) and the material elements of each cause of action or defense (see CPLR 3013; see generally Leitner v Jasa Hous. Mgt. Servs. for Aged, 6 AD3d 667 [2004]). Pleadings are deemed to allege whatever can be implied from their statements by fair and reasonable intendment (see Cohn v Lionel Corp., 21 NY2d 559, 562 [1968]; Kober v Kober, 16 NY2d 191, 193 [1965]; Components Direct v European Am. Bank & Trust Co., 175 AD2d 227, 232 [1991]).
We agree with the majority that each of the three requirements for piercing the corporate veil—domination and control, *131 resultant damages, and abuse of the privilege of doing business in corporate form—must be pleaded for a complaint to be deemed adequate under CPLR 3013. Indeed, for a plaintiff to satisfy the requirements of CPLR 3013, the plaintiff cannot rely upon mere “buzz words” or vague or conclusory allegations, but must instead set forth facts that truly address the underlying transactions and occurrences and the material elements of the claim (see CPLR 3013; Walkovszky v Carlton, 18 NY2d 414, 420 [1966]; Sheinberg v 177 E. 77, 248 AD2d 176, 177 [1998]; Cooperstein v Patrician Estates, 97 AD2d 426, 427 [1983]; accord EED Holdings v Palmer Johnson Acquisition Corp., 387 F Supp 2d 265, 274 [2004] [applying analogous Federal Rules of Civil Procedure rule 8 (a) and New York substantive law]).
In actions where a piercing of the corporate veil is at issue, the required element of “domination and control” must be alleged (see CPLR 3013). A determination as to domination and control necessarily depends upon the attendant facts and equities of an action (see Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d at 141). Factors that help determine a party’s domination and control of a corporate entity include the absence of corporate formalities, inadequate capitalization of the corporation, the personal use of corporate funds, the commingling of personal and corporate accounts, the overlap of officers, directors and personnel, and, when applicable in an action, the use of common office space, addresses, and phone numbers with other commonly-owned corporate entities (see Wm. Passalacqua Bldrs., Inc. v Resnick Devs. S., Inc., 933 F2d 131 139 [2d Cir 1991]; Millennium Constr., LLC v Loupolover, 44 AD3d at 1016-1017). Almost by definition, these factors are fact-laden and often do not lend themselves to resolution by means of a prediscovery motion to dismiss (see CPLR 3211 [d]; Kralic v Helmsley, 294 AD2d 234, 236 [2002]; see also Ledy v Wilson, 38 AD3d 214 [2007]; Berry Packing Corp. v Atlantic Veal Corp., 302 AD2d 417, 418 [2003]; First Bank of Ams. v Motor Car Funding, 257 AD2d 287, 294 [1999]). Accordingly, given the liberal notice pleading standards of CPLR 104 and 3026 and the discovery-intensive nature of evidence relating to the element of “domination and control,” a plaintiff’s complaint should be deemed sufficient, as to that element, by the allegation of domination and control that rests upon at least some facts that are tied to defined transactions and occurrences underlying the plaintiffs claim (see CPLR 3013).
However, an allegation of domination and control is not, standing alone, sufficient to state a cause of action for personal *132 liability against a corporate owner. Were that so, then, as the majority correctly notes, virtually every cause of action brought against a corporation that is wholly or principally owned by an individual conducting corporate affairs could be extended ipso facto to the owner personally (see Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d at 141-142). Such a result would render the principle of limited liability illusory (see generally Bartle v Home Owners Coop., 309 NY 103, 106 [1955]; Seuter v Lieberman, 229 AD2d 386, 387 [1996]). For this logical reason, a sufficient complaint for piercing the corporate veil must also contain allegations “that the owners, through their domination, abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice . . . such that a court in equity will intervene” (Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d at 142; see also TNS Holdings v MKI Sec. Corp., 92 NY2d 335, 339 [1998]; Lawlor v Hoffman, 59 AD3d 499 [2009]; Love v Rebecca Dev., Inc., 56 AD3d at 733; Millennium Constr., LLC v Loupolover, 44 AD3d at 1016). Allegations involving an abuse of the corporate form may be less discovery-intensive than that of “domination and control,” particularly as such conduct ordinarily speaks to the very transactions or occurrences that underlie the action and for which plaintiffs must give notice under CPLR 3013. Accordingly, for a complaint to state a cause of action for piercing the corporate veil, the plaintiff cannot rely upon vague or conclusory allegations that the individual defendant abused the corporate form, but must instead articulate actual conduct by the individual that creates a nexus between it and the “transactions or occurrences” of the complaint.
I. The 2006 Construction Services Contract
With the foregoing as backdrop, the Supreme Court properly found that the complaint adequately pleaded a cause of action against Canseco for the alleged wrong committed by the corporate defendant under a “piercing of the corporate veil” theory as to the 2006 construction services contract (see Ventresca Realty Corp. v Houlihan, 28 AD3d 537, 538 [2006]; Board of Mgrs. of Regal Walk Condominium I v Community Mgt. Servs. of Staten Is., 226 AD2d 414, 415 [1996]). The complaint alleges in paragraphs 89 and 90, as to the first requirement for piercing the corporate veil, that Canseco exercised complete dominion and control over the corporate defendant. Indeed, the complaint alleges that Canseco was the principal owner of the *133 corporate defendant and that Canseco directed all of its acts and omissions.
The complaint alleges in paragraph 91, as to the second requirement, that Canseco’s dominion and control was used to commit a wrong against the plaintiff which resulted in injury.
The complaint further alleges in paragraph 92, relative to the third requirement for piercing the corporate veil, that the individual defendant exercised his dominion and control over the corporate defendant to engage in acts of bad faith and unfair negotiating tactics. Specifically, the “exercise” of dominion and control as alleged in paragraph 90 of the complaint, and the affirmative “use” of dominion and control as alleged in paragraphs 91 and 92 to commit wrongs and engage in bad faith and unfair negotiating tactics, reasonably speak, within the broader context of corporate veil allegations, to the perpetration of alleged wrongs through the corporate form. In other words, the reasonable intendment of paragraphs 91 and 92 is the abuse of the privilege of doing business in corporate form.
Additionally, while corporate officers cannot be held personally liable for the corporation’s breach of contract simply because the officer undertook the challenged actions on the corporation’s behalf (see Murtha v Yonkers Child Care Assn., 45 NY2d 913, 915 [1978]; Lawlor v Hoffman, 59 AD3d 499, 500 [2009]), the limit on personal liability only exists when the corporate officer acts in good faith (see Murtha v Yonkers Child Care Assn., 45 NY2d at 915; First Bank of Ams. v Motor Car Funding, 257 AD2d 287, 294 [1999]). Here, the plaintiff’s complaint alleges, in paragraph 92, that Canseco’s conduct was undertaken in “bad faith” toward the school district. Canseco’s alleged bad faith is the predicate by which the plaintiff seeks to pierce the corporate veil. The bad faith conduct is specifically alleged in the complaint as consisting of his repeated negotiation of contract terms with the school district, to which he would orally agree on multiple occasions while never intending to execute written contract documents, all in a deliberate effort to delay the construction project as a means of leveraging a greater percentage of compensation from the school district. Whether the plaintiffs theory for piercing the corporate veil proves to be successful or unsuccessful is beside the point. We part company with our colleagues in the majority to the extent that their opinion fails to qualify the complaint’s alleged “bad faith” conduct as an abuse of corporate form, and which provides the plaintiff with a procedural and alleged predicate for piercing the *134 corporate veil. Should the defendants desire more detail as to the plaintiffs allegations, they can demand a bill of particulars (see CPLR 3041, 3042) or obtain other discovery such as depositions (see CPLR 3107).
Our conclusion that the plaintiffs complaint adequately states a cause of action against Canseco to recover for the alleged wrong committed by the corporate defendant under a “piercing the corporate veil theory” as to the 2006 construction services contract is bolstered by the fact that this action falls outside the scope of CPLR 3015 and 3016. Particularity is required under CPLR 3015 in any matter involving a condition precedent, the state of a party’s incorporation, a judgment, decision or determination, the denial of negotiable instrument signatures, and licensure to do business in certain consumer actions. Similarly, CPLR 3016 requires the pleading of factual particulars in actions sounding in defamation, fraud, separation or divorce, enforcement of a judgment, foreign law, the sale or delivery of goods, automobile-related personal injury involving Insurance Law § 5104, and certain corporate actions not relevant here. None of the particularity requirements as set forth in CPLR 3015 or 3016 apply to the corporate veil allegations of this contract action and, accordingly, we reject the defendants’ arguments which, in effect, impose upon the plaintiff heightened pleading expectations not contemplated by the CPLR.[1] The complaint, given a liberal construction, meets the requirement of CPLR 3013 as it provides the defendants with notice of the transactions or occurrences on which the claim is based and addresses all three of the material elements established by relevant decisional authorities for piercing the corporate veil (see Love v Rebecca Dev., Inc., 56 AD3d 733, 733-734 [2008]; Ventresca Realty Corp. v Houlihan, 28 AD3d at 538; Meachum v Outdoor World Corp., 235 AD2d 462, 463 [1997]; Long Is. Diagnostic Imaging v Stony Brook Diagnostic Assoc., 215 AD2d 450, 452 [1995]).[2]
The defendants’ corporate veil remedy, if any, resides within the summary judgment provisions of CPLR 3212 after relevant *135 discovery, and is not found here under the dismissal provisions of CPLR 3211.
II. The 2005 Estimating Services Contract
Whereas the plaintiffs complaint alleged that Canseco used his dominion and control over Sandpebble to engage in bad faith and unfair negotiating tactics relative to the 2006 construction services contract, and thereby to commit a wrong against the school district, no such allegations of personal wrongdoing are present in the cause of action that seeks damages for the alleged breach of the parties’ 2005 estimating services contract. Instead, the complaint’s allegations regarding the 2005 estimating services contract read as a standard corporate breach of contract, with no reference to bad faith, unfair negotiating tactics, fraud, or other behavior that could arguably expand liability beyond the corporate veil. The affidavit of Dr. Raymond D. Gualtieri, submitted in opposition to the defendants’ motion to dismiss, focuses upon the circumstances of a 2006 construction management services contract, but makes no reference to the 2005 estimating services contract and thereby fails to cure the corporate veil inadequacies regarding the earlier contract (see generally Leon v Martinez, 84 NY2d 83, 88 [1994]). Dismissal of the cause of action against Canseco to recover damages for the alleged wrong committed by the corporate defendant under a “piercing the corporate veil theory” as to the 2005 estimating services contract therefore should have been granted under CPLR 3211 (a) (7).
III. The Defendants’ Motion Based On Documentary Evidence
With respect to the branch of the defendants’ motion which was for dismissal of the plaintiffs complaint pursuant to CPLR 3211 (a) (1), the court properly determined that the documentary evidence which the defendants submitted in support of their motion failed to resolve all factual issues as a matter of law and failed to disprove the school district’s allegations (see Fleming v Kamden Props., LLC, 41 AD3d 781, 781 [2007], citing Berger v Temple Beth-El of Great Neck, 303 AD2d 346, 347 [2003]).
In our view, the remaining contentions are without merit or have been rendered academic.
Spolzino, J.P, and Miller, J., concur with Fisher, J.; Dillon, J., and Eng, JJ., concur in part and dissent in part, and vote to modify the order by deleting the provision thereof denying that *136 branch of the defendants’ motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action against the defendant Victor Canseco for the alleged wrong committed by the defendant Sandpebble Builders, Inc., under a “piercing the corporate veil theory” as to the estimating services contract and substituting therefor a provision granting that branch of the motion, and, as so modified, to affirm the order, in a separate opinion by Dillon, J.
Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendants’ motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against the defendant Victor Canseco individually, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to the defendants.

. Were the plaintiff seeking to pierce the corporate veil on the basis of fraud, as distinguished from bad faith, the particularity of the pleading would be required under CPLR 3016 (b) (see e.g. Sheridan Broadcasting Corp. v Small, 19 AD3d 331, 332 [2005]).

. Our result here does not reach or address circumstances where the piercing of the corporate veil is directed at an individual shareholder whose acts or omissions Eire directed by a corporate board or governing body.