Bret MICHAELS and Last Child
Productions, Inc., Plaintiffs,

v.

Michael S. BANKS;  Aloha Events,
LLC;  and Jennifer Kingston;
Defendants.

No. 5:10–CV–989.

United States District Court,
N.D. New York.

Aug. 8, 2013.

Bienstock & Michael, P.C. of counsel Ronald S. Bienstock, Esq., Brent M. Davis, Esq., Hackensack, NY, for Plaintiffs.

Michael S. Banks, Liverpool, NY, Defendant pro se.

### MEMORANDUM–DECISION and ORDER

DAVID N. HURD, District Judge.

## I. INTRODUCTION

On June 10, 2013, a Decision and Order was entered permitting plaintiffs to make a proffer of evidence that would establish the second prong of the only remaining cause of action against the defendant Michael S. Banks ("Banks" or "defendant"),[1] piercing the corporate veil. Plaintiffs made such proffer and defendant responded. This matter was taken on submission without oral argument.

## II. DISCUSSION

Where "a reasonable jury would not have a legally sufficient evidentiary basis to find" in a party's favor, judgment as a matter of law may be entered against that party. Fed. R. of Civ. P. 50(a)(1). The issue here is whether plaintiffs have proffered sufficient evidence such that a reasonable jury could find in their favor as to the second prong of their piercing the corporate veil cause of action. If yes, the question of whether the corporate veil should be pierced and defendant Banks, as shareholder of the corporation, be held liable for acts of Aloha Events, LLC would be presented to a jury. If not, then this action will be dismissed.

■■■ A corporation, and not its shareholders, is presumed to be liable for corporate acts. *Freeman v. Complex Computing Co.*, 119 F.3d 1044, 1052 (2d Cir.1997).[2] However, an owner may be held liable where it is established that (1) "the owner exercised complete domination over the corporation with respect to the transaction at issue," such that it is an alter ego of the corporation, and (2) "such domination was used to commit a fraud or wrong that injured the party seeking to pierce the veil." *MAG Portfolio Consultant, GMBH v. Merlin Biomed Group LLC*, 268 F.3d 58, 63 (2d Cir.2001). An individual controls a corporation to the extent that it may be considered an alter ego when the individual conducts business for personal purposes, rather than to further the business of the corporation. *Kirno Hill Corp. v. Holt*, 618 F.2d 982, 985 (2d Cir.1980). A showing of complete control, standing alone, is insufficient to pierce the corporate veil. *Freeman*, 119 F.3d at 1053. Rather, that control exercised by the shareholder must have been used to perpetrate "fraud or other wrong that resulted in unjust loss or injury." *Id.* A party's breach of contract alone is insufficient to pierce the corporate veil; there must be evidence of fraud or corporate misconduct. *Ross Univ. Sch. of Med. v. Brooklyn–Queens Health Care, Inc.*, No. 09–cv–1410, 2013

---

1. On August 12, 2011, a default judgment was entered against defendant Aloha Events, LLC. *See Michaels v. Banks*, 901 F.Supp.2d 354, 356 n. 1 (N.D.N.Y.2012). Defendant Jennifer Kingston was dismissed from the case by stipulation on April 29, 2013. ECF No. 64.

2. It is common knowledge that one of the purposes of establishing a corporation is to shield an individual from liability.

WL 1334271, at *16 (E.D.N.Y. Mar. 28, 2013) (citing *Sheridan Broadcasting Corp. v. Small*, No. 603681/2003, 2004 WL 5833748 (Sup.Ct.N.Y.Co., July 30, 2004), *aff'd*, 19 A.D.3d 331, 798 N.Y.S.2d 45 (1st Dep't 2005)).

As set forth in the Decision and Order of June 10, 2013, questions of fact remain as to the first prong of the cause of action. Again, only the second prong is at issue here.

As there is no allegation of fraud, plaintiffs must prove some other wrong against them by Banks resulting in injury to them. Plaintiffs proffered evidence that Aloha Events, LLC entered into the contract in June 2010 and at no point in time did it have the capital required to pay the full deposit required by the contract. Plaintiffs further proffered that defendant failed to inform them that Aloha Events, LLC would not be able to fulfill its requirements under the contract until August 3, 2010, approximately two days before the performance was to occur. However, it is not disputed that the contract required an additional payment of $5,000 by June 11, 2010 and a payment of $40,000 by July 16, 2010, plus the remaining $50,000 due under the contract by no later than one hour prior to the scheduled performance. None of these payments were made.

■ Plaintiffs argue that Banks made representations that "he was attempting to secure the needed funds and even represented that he would hand deliver the remaining $45,000.00 deposit … on August 4, 2010." Pls.' Proffer at 3, ECF No. 86. The evidence plaintiffs reference, defendant's exhibit D–9, is an email string that clearly indicates that plaintiffs would consider rescheduling the performance if Aloha Events, LLC paid the remaining $45,000 deposit. No mention is made of the remaining $50,000 due and owing one hour prior to the performance. Thus, there is no question that plaintiffs were fully aware, from the time of the initial contract signing in June 2010 that Aloha Events, LLC was not paying the amounts due. Also, according to plaintiffs' own proffer, they were aware that Aloha Events, LLC, through Banks, was "attempting to secure the needed funds." Pls.' Proffer at 3. Evidence that Banks, as the principal of Aloha Events, LLC, was doing his best to obtain funding for the performance, is insufficient to prove that defendant committed a wrong to harm plaintiffs. The proffered evidence can not even establish bad faith of any degree. Rather, the evidence suggests that Banks made every effort to obtain the funding and do whatever else was necessary so that Aloha LLC could proceed with the concert in performance of its duty under the contract.[3]

■ There is no legally sufficient evidentiary basis for a reasonable jury to find that Banks exercised dominion and control over the corporation Aloha LLC in order to perpetrate a wrong against plaintiffs that caused them unjust loss or injury. Thus, Banks is entitled to judgment as a matter of law.

Plaintiffs rely primarily on *Network Enters., Inc. v. APBA Offshore Prods., Inc.*, 264 Fed.Appx. 36, 41 (2d Cir.2008) (unpublished summary order), for the proposition that all that is needed to prove a sufficient wrong to establish the second prong of a piercing the corporate veil cause of action is that the principal knows at the time the controlled corporation enters into the contract that performance was impossible. Plaintiffs' reliance is misplaced.

---

**3.** At no time did plaintiffs ever demand a personal guarantee from Banks. Instead, throughout negotiations and lack of payment, they continued to rely on the corporation to fulfill the contract.

First, plaintiffs did not proffer evidence that Banks knew at the time Aloha Events, LLC executed the contract that performance was impossible. Rather, as previously noted, the proffered evidence would establish that defendant made every attempt to obtain the required funds so that the corporation could perform the contract.

Second, in *Network Enterprises,* the conduct at issue was not simply breach of the contract, as it was here. In that case, the contract at issue dealt with a contract for the corporation to televise powerboat racing. *Id.* at 40. The principal formed a new entity and obtained a license for it to televise powerboat races. *Id.* The corporation then became obsolete, and the principal drained its accounts. *Id.* Despite this, the principal caused the corporation to sign the contract knowing that it could not and had no intention to fulfill its obligations under the contract. *Id.* Additionally, the contract involved parties who had previously dealt with each other and fully performed their contractual obligations. *Id.* In other words, the principal deceived the other party while knowing full well that the corporation was not able or willing to perform under the contract. *Id.* Moreover, the principal's misrepresentations led the other party to contract with the corporation rather than with the new entity, depriving the other party of the opportunity to seek better terms and possibly a guarantee. *Id.* at 41. Therefore, much more wrongful conduct than a simple breach led to piercing the corporate veil in *Network Enterprises.* A simple breach of contract as occurred in this case is insufficiently wrongful to satisfy the second prong.

Plaintiffs also cite *Bogosian v. All Am. Concessions,* No. 06–CV–1633, 2011 WL 4460362, at *9 (E.D.N.Y. Sept. 26, 2011); *Ross Univ. Sch. of Med.,* 2013 WL 1334271; and *Lego A/S v. Best–Lock Constr. Toys, Inc.,* 886 F.Supp.2d 65, 80 (D.Conn.2012) in support. As in *Network Enterprises,* in *Bogosian* the corporation at issue did not have the ability to perform when the principal caused it to execute the contract. 2011 WL 4460362, at *9. Further, the principal failed to purchase the insurance as promised in the contract, stripped the corporation of its funds rendering it judgment-proof, and used corporate funds to pay personal expenses. *Id.* Again, more wrongful conduct was at issue in *Bogosian* than a simple contract breach. Therefore, the conclusion reached in *Bogosian* is not instructive here.

While the *Ross University* Court cited *Lego A/S* for its description of the Second Circuit's *Network Enterprises* decision as an "axiomatic example of grounds to pierce corporate veil," it also cited several New York State cases for the proposition that "a party's breach of contract, without evidence of fraud or corporate misconduct" is insufficient to meet the second prong of the cause of action. *Ross Univ. Sch. of Med.,* 2013 WL 1334271, at *15–16. These cases also are unhelpful to plaintiffs. Finally, it should be noted that the statement of the law originating in *Network Enterprises,*[4] upon which these cases rely, is a

4. The statement of the law referenced is "causing company to enter into contract without present ability or expectation of ability to perform is sufficiently wrongful for veil piercing purposes," which appears in a parenthetical to the citation of *Se. Capital Invest. Corp. v. Albemarle Hotel, Inc.,* 550 So.2d 49, 51 (Fla.Dist.Ct.App.1989). The *Network Enterprises* Court recognized that under Florida law, this prong required only a showing of "improper conduct." *Network Enters.,* 264 Fed.Appx. at 40 (internal quotation omitted). This is a much lower standard than New York's "fraud or wrong" standard. *See id.* The conflict of law question was not addressed because the court found either standard was met. *Id.*

statement of Florida, not New York, law. *Network Enters.*, 264 Fed.Appx. at 41.

## III. *CONCLUSION*

Plaintiffs failed to proffer sufficient evidence from which a reasonable jury could find in their favor regarding the second prong of their piercing the corporate veil cause of action.

Accordingly, it is

ORDERED that the Complaint is DISMISSED in its entirety.

The Clerk of the Court is directed to enter judgment accordingly.

IT IS SO ORDERED.