134 Emmut Props. LLC v Galaxy Light. 136, Inc. (2022 NY Slip Op 07026)

134 Emmut Props. LLC v Galaxy Light. 136, Inc.

2022 NY Slip Op 07026

Decided on December 13, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 13, 2022

Before: Renwick, J.P., Kapnick, Oing, Moulton, Higgitt, JJ. 

Index No. 650291/20 Appeal No. 16865 Case No. 2021-03411 

[*1]134 Emmut Properties LLC, Plaintiff-Respondent,
v
Galaxy Lighting 136, Inc., Defendant, Yuan Sheng Situ, Also Known as Su Hua Situ, Defendant-Appellant.

Kolodny P.C., New York (Peter Kolodny of counsel), for appellant.
DL Partners, New York (Eric R. Garcia of counsel), for respondent.

Order, Supreme Court, New York County (Kathy J. King, J.), entered on or about September 16, 2021, which denied defendant Su Hua Situ's (Su) motion to dismiss the complaint pursuant to CPLR 3211 and granted plaintiff's motion to amend the complaint to add Yuan Sheng Situ (Yuan) and Su as individual defendants and assert a veil-piercing claim against them, unanimously affirmed, without costs.
The motion court properly granted plaintiff's motion to amend the complaint, as the proposed amendment was not palpably insufficient or devoid of merit (see Fairpoint Cos., LLC v Vella, 134 AD3d 645, 645 [1st Dept 2015]). The party seeking to pierce the corporate veil must allege "particularized statements detailing fraud or other corporate misconduct" by individuals in complete control of the corporation (Sheridan Broadcasting Corp. v Small, 19 AD3d 331, 332 [1st Dept 2005] [internal quotation marks omitted]; see also TNS Holdings v MKI Sec. Corp., 92 NY2d 335, 339 [1998)]). The amended complaint permits an inference of corporate abuse by the individual defendants (see Max Markus Katz, P.C. v Sterling National Bank, 206 AD3d 533, 534 [1st Dept 2022]). Specifically, it alleges that the lease Su negotiated on behalf of Yuan and defendant Galaxy Lighting 136, Inc. resulted in inequitable consequences because defendants failed to pay plaintiff any rent for approximately one year, from the date they occupied the premises until the time plaintiff regained possession. The affidavits and supporting text messages and emails submitted as exhibits to plaintiff's motion identify Su as the person plaintiff's agents communicated with to negotiate the lease. In addition, plaintiff's affiants personally observed Su at Galaxy on almost a daily basis. The affidavits further allege that Su and Yuan conspired to perpetrate a wrong by opening a judgment proof shell company, Galaxy, to avoid paying rent.
In light of the foregoing, the court correctly denied Su's motion to dismiss the original complaint (see Roam Capital, Inc. v Asia Alternatives Mgt. LLC, 194 AD3d 585, 586 [1st Dept 2021]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 13, 2022