■ YING-QI YANG, Respondent, v SHEW-FOO CHIN, Appellant. [839 NYS2d 90]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered March 29, 2006, which denied defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (1), unanimously reversed, on the law, with costs, the motion granted, and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

Plaintiff, as purchaser, and defendant, as seller, entered into an agreement, dated May 4, 2005, for the sale of real property, but three weeks later the seller cancelled the contract due to an inability "to clear a title problem," and returned the buyer's $50,000 down payment. The buyer commenced this action for specific performance, and the seller moved to dismiss the complaint on the ground of a complete defense based on the documentary evidence.

The "additional contract rider," dated the same day as the contract of sale, provides: "Due to Seller's potential adverse economic and tax considerations, in order for Purchaser to induce Seller to enter into this contract, Purchaser grants Seller an absolute and unconditional right of cancellation. In the event Seller elects to cancel contract, upon Purchaser's receipt of the contract deposit returned by escrow agent, this contract shall be null and void and both parties release each other from any and all liabilities." By the clear and unambiguous terms of the agreement, seller had an "absolute and unconditional right of cancellation," and therefore is entitled to dismissal of the action. Unconditional contract termination clauses are enforceable (see Red Apple Child Dev. Ctr. v Community School Dists. Two, 303 AD2d 156, 157-158 [2003], lv denied 1 NY3d 503 [2003]). Even if the contract were deemed illusory for lack of mutuality of obligation, that would render the contract as a whole void (see

*Curtis Props. Corp. v Greif Cos.*, 212 AD2d 259, 265 [1995]), leaving plaintiff without an agreement to specifically enforce. Concur—Tom, J.P., Sullivan, Williams, Buckley and Malone, JJ.