■ CARI, LLC, Appellant, v 415 GREENWICH FEE OWNER, LLC, et al., Respondents. [939 NYS2d 319]—

The contracts' termination provision provided that plaintiff could cancel the agreement for any reason and obtain the return of its deposit with interest, so long as it provided written notice to defendant sponsor no later than 10 days before closing. The court correctly determined that the termination provision rendered the contracts unenforceable for lack of mutual consideration (*see Dorman v Cohen*, 66 AD2d 411, 415, 418 [1979]). The obligation to provide written notice of termination does not constitute consideration where, as here, termination occurs immediately upon notice, and not after some specified period of time (*see Allen v WestPoint-Pepperell, Inc.*, 1996 WL 2004, *3 n 5, 1996 US Dist LEXIS 6, *8 n 5 [SD NY 1996]; *cf. Dorman*, 66 AD2d at 419, citing *McCall Co. v Wright*, 133 App Div 62, 68 [1909], *affd* 198 NY 143 [1910]). The termination provision is enforceable and cannot be severed, even though it renders the contracts void (*see Ying-Qi Yang v Shew-Foo Chin*, 42 AD3d 320 [2007], *lv denied* 9 NY3d 812 [2007]). Plaintiff's promissory estoppel claim fails because it does not allege "a duty independent of the [contracts]" (*Celle v Barclays Bank P.L.C.*, 48 AD3d 301, 303 [2008]).

The court properly denied leave to file a second amended complaint, where the proposed amendment "suffers from the same fatal deficiency as the original claims"—namely, the lack of mutual consideration (*"J. Doe No. 1" v CBS Broadcasting Inc.*, 24 AD3d 215, 216 [2005]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Tom, J.P., Sweeny, DeGrasse, Abdus-Salaam and Manzanet-Daniels, JJ.