■ In the Matter of Tzefang Frances Chang, Appellant, v Department of Education of the City of New York et al., Respondents. [26 NYS3d 697]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered September 8, 2014, which denied the petition challenging respondents' determination, dated January 14, 2014, terminating petitioner's contract as a bilingual speech pathologist, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

The court properly found that the agreement with petitioner afforded respondents the unconditional right to terminate the contract without cause and that such contract termination clauses are enforceable (*see Red Apple Child Dev. Ctr. v Community School Dists. Two*, 303 AD2d 156, 157-158 [1st Dept 2003], *lv denied* 1 NY3d 503 [2003]; *Ying-Qi Yang v Shew-Foo Chin*, 42 AD3d 320 [1st Dept 2007], *lv denied* 9 NY3d 812 [2007]). Moreover, respondents' determination was rational. The agency did not have to accept petitioner's claim that the complaint was an exaggeration of the actual events.

Petitioner was not entitled to a name-clearing hearing because she presented no evidence to refute the statements of respondent's director of employee relations that the code placed on petitioner's file was for internal use only, and therefore she failed to show a likelihood of dissemination of the stigmatizing material (*see Matter of Swinton v Safir*, 93 NY2d 758, 764-765 [1999]). Concur—Tom, J.P., Saxe, Richter and Kapnick, JJ.