■ 198 AVENUE B ASSOCIATES, Appellant, v BEE CORPORA-
TION et al., Respondents. BEE CORPORATION, Respondent, v 198
AVENUE B ASSOCIATES et al., Appellants.—Order, Supreme
Court, New York County (Karla Moskowitz, J.), entered on or
about February 17, 1989, which, *inter alia,* denied plaintiff's
motion to dismiss defendant's affirmative defenses and for
summary judgment, is unanimously modified, on the law and
on the facts, to the extent of granting plaintiff's motion to
dismiss defendant's affirmative defenses and for summary
judgment, and, except as thus modified, otherwise affirmed,
without costs.

In September 1984, 198 Avenue B Associates (Associates),
which is a limited partnership, agreed to sell to the Bee
Corporation (Bee) a vacant, abandoned, and fire-damaged
building (premises) which is located at 198 Avenue B, Manhat-
tan. A written contract of sale, which was executed by those
parties on September 14, 1984, provided that, *inter alia,* the
sale was subject to all building violations of record, and, seller
Associates "has caused approximately eight (8) or ten (10) new
beams and new cement foundations under the beams placed in
the basement of the Premises". The sale price was $210,000,
which included a $160,000 purchase-money mortgage (mort-
gage) which was executed by Bee in favor of Associates on the
date of closing, November 5, 1984, and that mortgage provided
for a $50,000 principal payment on May 4, 1985.

When Bee failed to make the required principal payment on
May 4, 1985, this default allegedly triggered the acceleration
of payment of the mortgage balance.

Thereafter in July 1985, Associates commenced, in the
Supreme Court, New York County, a mortgage foreclosure
action (action number 1) against Bee and other parties who
are involved in liens on the premises. In response, defendant

Bee answered and asserted several affirmative defenses, which were based on the alleged fraud of plaintiff.

Subsequently, defendant Bee commenced, in the Supreme Court, New York County, as plaintiff, an action (action number 2) against Associates and Hudson Park Management, Inc. (Hudson) to recover damages upon the basis of the alleged fraud of Associates and Hudson in inducing the contract of sale of the premises. Defendants Associates and Hudson, in action number 2, served an answer.

Following the joinder of issue in both of those actions, discussed *supra,* Associates moved, in substance, concerning foreclosure action number 1, where it is the plaintiff, to dismiss defendant Bee's affirmative defenses and for summary judgment and moved, in substance, concerning fraud action number 2, where it and Hudson are defendants, to dismiss Bee's complaint. Bee responded by cross-moving to amend its answer in foreclosure action number 1 and to amend its complaint in fraud action number 2.

By order entered on or about February 17, 1989, the IAS court stated, *inter alia,* as follows: (1) since actions numbers 1 and 2 were never consolidated, action number 2 was not properly before the court and, therefore, the branches of Associates' motion and Bee's cross motion concerning action number 2 were denied; (2) the branch of Associates' motion to dismiss Bee's affirmative defenses and for summary judgment in action number 1 was denied; and (3) the branch of Bee's cross motion to amend its answer in action number 1 was granted. Associates (plaintiff), in action number 1, appeals the IAS court's denial of its motion for, *inter alia,* summary judgment against Bee (defendant) in action number 1.

Our examination of the defendant's affirmative defenses indicates that, in substance, they allege that plaintiff's fraud consists of concealing defective conditions of the foundation and support beams and failing to carry out a promise to furnish defendant with an engineer's report which related to the premises.

In *East End Owners Corp. v Roc-East End Assocs.* (128 AD2d 366, 370-371 [1st Dept 1987]), we unanimously stated: "Where a party has means available to him for discovering, 'by the exercise of ordinary intelligence', the true nature of a transaction he is about to enter into, 'he must make use of those means, or he will not be heard to complain that he was induced to enter into the transaction by misrepresentations' *(Schumaker v Mather,* 133 NY 590, 596 [1892])". Applying this

legal authority to the instant matter, we find, based upon the record before us, that since defendant had ample opportunity to examine the physical condition of the premises, if it desired, during the approximately seven-week period between the signing of the contract of sale and the closing of title, defendant cannot complain that it " 'was induced to enter into the transaction by misrepresentations' " *(East End Owners Corp. v Roc-East End Assocs., supra,* at 371). Furthermore, we find defendant did not enter the transaction in ignorance, since it was represented in the negotiations by its president, who is a real estate attorney, and knowingly contracted to purchase a burned-out, vacant and apparently abandoned building.

Significantly, rider 1 to the written contract of sale, which, as mentioned *supra,* was executed by the parties, states, in pertinent part: "The Purchaser [Bee] represents that the Purchaser has examined the buildings and improvements on said premises and knows the conditions thereof and agrees to accept the same in such condition as may exist at the date hereof, reasonable wear and tear excepted".

We turn now to the defendant's claim that plaintiff's alleged failure to deliver the engineer's report about the premises constitutes fraud. Our review of the record indicates that, in an affidavit, defendant's president concedes that the plaintiff's alleged promise concerning that report was oral, and was made prior to the signing of the contract of sale.

Rider 1 to the contract of sale, which was referred to *supra,* also states, in pertinent part: "This agreement constitutes the entire contract between the parties. Neither the Seller [Associates] nor any agent or representative of the Seller, nor any person purporting to represent the Seller, has made any representation, promise or statement upon which the Purchaser [Bee] has relied regarding the conditions of any property, real or personal, covered by this sale * * * or any other matter or thing relating to the property contracted to be sold, except as expressly set forth in this agreement".

Since our reading of rider 1, quoted *supra,* leads us to the inescapable conclusion that this written contract of sale sets forth the entire agreement between the parties, we find that parol evidence cannot be used by the defendant to vary that agreement in any way so that it can establish fraud on the part of plaintiff, based on the alleged fact that plaintiff did not deliver the engineer's report *(see, Lebowitz v Mingus,* 100 AD2d 816 [1st Dept 1984], *appeal dismissed* 63 NY2d 675 [1984]).

The Court of Appeals stated, in *Fogelson v Rackfay Constr. Co.* (300 NY 334, 340 [1950]), "In truth, if the [writing] before us—complete on its face and drafted designedly and explicitly to prevent reliance upon any promise or agreement not included—could be varied and undermined by parol evidence, few written instruments would be safe or secure".

Based upon our analysis, *supra,* we find that the IAS court erred in denying plaintiff's motion to dismiss defendant's affirmative defenses and for summary judgment.

Accordingly, we modify the IAS order and grant that motion. Concur—Sullivan, J. P., Ross, Milonas, Ellerin and Rubin, JJ.