(November 19, 2002)

■ SANDCHAM REALTY CORP. et al., Appellants, v SHERMAN TAUB, Respondent, et al., Defendants. ROBERT JACOBS et al., Appellants v TENZER, GREENBLATT, FALLON & KAPLAN et al., Respondents. [752 NYS2d 15] —Appeal from order, Supreme Court, New York County (Jane Solomon, J.), entered October 24, 2000, which granted defendants' motion for summary judgment dismissing the complaint, deemed an appeal from the judgment, same court and Justice, entered December 7, 2000, dismissing the complaint, and so considered, the judgment is unanimously affirmed, with costs. Appeal from order, same court and Justice, entered April 16, 2001, which, to the extent appealable, denied plaintiffs' motion for renewal, unanimously dismissed as abandoned, without costs. Order, Supreme Court, New York County (Richard Lowe, III, J.), entered on or about September 28, 1994, which granted defendants' motion to dismiss the first through fifth causes of action in *Jacobs v Tenzer, Greenblatt, Fallon & Kaplan*, unanimously modified, on the law, and plaintiffs' disloyalty claims arising from prior liti-

gation, other than the North Carolina declaratory judgment action, are reinstated, and otherwise affirmed, without costs.

Pursuant to CPLR 5501 (c), plaintiffs' appeal from the order entered October 24, 2000 is deemed to be taken from the ensuing judgment entered December 7, 2000 (*see Molinaro v Bedke*, 281 AD2d 242). The causes of action for breach of fiduciary duty and malpractice brought by a client against his former attorneys, involving allegations of conflict of interest in the course of extended representation in real estate syndications and related litigation, were properly dismissed on the ground of judicial estoppel based on plaintiff Jacobs' assertion in an affidavit submitted in California litigation in which he supported the challenged authority of the trustee named in the property exchange agreement (*cf. Banque Indosuez v Sopwith Holdings Corp.*, 257 AD2d 519, 520, *lv denied* 93 NY2d 806). The fraud claims were properly dismissed. The alleged representation that Jacobs had the right to select the property in the nonrecognition exchange (*see* Internal Revenue Code [26 USC] § 1031) was contradicted by the express terms of the exchange agreement, rendering his claimed reliance on such representation unjustifiable as a matter of law (*see Societe Nationale d'Exploitation Industrielle des Tabacs et Allumettes v Salomon Bros. Intl.*, 249 AD2d 232). The claim based on the allegation that the attorneys fraudulently had Jacobs sign an agreement naming defendant Taub as trustee was properly dismissed on the ground of judicial estoppel, since Jacobs' affidavit had upheld Taub's authority, and would have been properly dismissed on the additional ground that Jacobs had a duty to read the document before signing it.

With regard to the September 28, 1994 order, defendants failed to carry their heavy burden of demonstrating that the appeal is untimely, having neglected to submit proof of service of a copy of said order with notice of entry (*see* CPLR 5513 [a]). Contrary to plaintiffs' contentions, the dismissal of their claims against Taub and Tenzer which arose out of the same transactions upon which the North Carolina declaratory judgment action was based was proper since plaintiffs had the opportunity to raise those claims in the North Carolina action and, under the transactional approach adopted by New York in res judicata jurisprudence, those claims are now barred (*see Matter of Hofmann*, 287 AD2d 119, 123; *Marinelli Assoc. v Helmsley-Noyes Co.*, 265 AD2d 1, 6). Although the remaining disloyalty claims arising out of dealings involving other limited partnerships mirror the claims with respect to the North Carolina litigation, and all involve entities in privity with Jacobs

and Mirwis, they were not part of the same transaction that resulted in the North Carolina judgment, and therefore should not have been dismissed.

We have considered plaintiffs' other contentions and find them unavailing. Concur—Williams, P.J., Nardelli, Tom and Lerner, JJ.

Reargument denied. Renewal granted and, upon renewal, the decision and order of this Court entered herein on March 28, 2002 (292 AD2d 304) is hereby recalled and vacated.