■ EUGENE PANE et al., Appellants, v CITIBANK, N.A., Respondent. [797 NYS2d 76]—

Judgment, Supreme Court, New York County (Charles Edward Ramos, J.), entered April 30, 2004, dismissing the complaint pursuant to an order, same court and Justice, entered April 22, 2004, which granted defendant's motion for summary judgment, unanimously affirmed, without costs. Appeal from the aforesaid order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiff investors' causes of action for breach of contract and negligence, alleging defendant investment manager's failure to promptly comply with plaintiffs' oral instruction to liquidate their stock holdings in accordance with defendant's oral recommendation made three weeks earlier, were properly dismissed in view of the plain language of the parties' agreement relieving defendant of liability for any losses resulting from its acting or refusing to act on instructions that were not in writing (*see*

*Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]). Given that the agreement also expressly authorized defendant to accept or refuse oral instructions, it does not avail plaintiffs to argue that defendant, in accordance with its consistent practice, invited oral approval of its investment recommendation. Nor can defendant's failure to promptly act on plaintiffs' oral instruction, or to advise plaintiffs that the instruction had to be in writing, be deemed a breach of fiduciary duty given a formal written agreement covering the precise subject matter of the alleged fiduciary duty (*compare Frydman & Co. v Credit Suisse First Boston Corp.*, 272 AD2d 236, 237 [2000]), and no showing that defendant was seeking to advance its or a third party's interests over plaintiffs' (*compare Bestolife Corp. v American Amicable Life*, 5 AD3d 211, 216-217 [2004]). Nothing in plaintiffs' subsequent written applications to open new accounts can be construed as an instruction to sell securities. We have considered plaintiffs' other arguments and find them unavailing. Concur—Mazzarelli, J.P., Nardelli, Williams and Sweeny, JJ.