■ CARLOS D. CELLE, as Power of Attorney and on Behalf of MISANO, INC., Appellant, v BARCLAYS BANK P.L.C. et al., Respondents. [851 NYS2d 500]—

Appeal from order, Supreme Court, New York County (Sherry Klein Heitler, J.), entered October 13, 2006, which granted defendants' motion to dismiss the complaint, deemed to be an appeal from judgment, same court and Justice, entered thereon on October 19, 2006, and, so considered, said judgment unanimously affirmed, with separate bills of costs.

The court properly dismissed the complaint in this action where plaintiff, the holder of three nondiscretionary accounts, which were maintained by Barclays Private Bank and transferred to Royal Bank of Canada Global Private Banking (RBC), asserted causes of action for, inter alia, breach of contract, breach of fiduciary duty, fraud and promissory estoppel, based on allegations that defendants mishandled the accounts. Plaintiff's allegation that oral instructions were disregarded is not actionable inasmuch as the subject agreement provides that communications must be in writing in order to be effective (*see Pane v Citibank, N.A.*, 19 AD3d 278 [2005]), and the complaint did not support an inference that written instructions were ignored. Moreover, plaintiff, a sophisticated investor, failed to establish that defendants' acts or omissions proximately caused a loss of equity in the accounts, liability for which loss was specifically disclaimed in the agreement.

The breach of fiduciary duty claim was properly dismissed as the agreement "cover[s] the precise subject matter of the alleged fiduciary duty" (*id.* at 279). Indeed, brokers for nondiscretionary accounts do not owe clients a fiduciary duty (*see Fesseha v TD Waterhouse Inv. Servs.*, 305 AD2d 268 [2003]), and the claim is also duplicative of the breach of contract cause of action.

The fraud claim is also duplicative of the breach of contract claim (*see River Glen Assoc. v Merrill Lynch Credit Corp.*, 295 AD2d 274, 275 [2002]), and, in any event, plaintiff failed to allege that defendants knowingly made a false representation that he reasonably relied on to his detriment. The expressed anticipation that the transfer of the accounts to RBC would

proceed smoothly does not constitute an actionable promise (*see Naturopathic Labs. Intl., Inc. v SSL Ams., Inc.*, 18 AD3d 404 [2005]; *Albert Apt. Corp. v Corbo Co.*, 182 AD2d 500 [1992], *lv dismissed* 80 NY2d 924 [1992]).

In the absence of a duty independent of the agreement, the promissory estoppel claim was duplicative of the breach of contract claim (*see Brown v Brown*, 12 AD3d 176 [2004]). Furthermore, the promises were contingent on Barclays' staff accepting positions with RBC and merely indicated a hope that the transition would go well, and plaintiff's reliance was not reasonable given his awareness of the difficulty in communicating with his Barclays' representatives (*see Knight Sec. v Fiduciary Trust Co.*, 5 AD3d 172, 175 [2004]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Williams, Sweeny, Catterson and Moskowitz, JJ.