■ ESBE HOLDINGS, INC., et al., Appellants, v VANQUISH ACQUISITION PARTNERS, LLC, et al., Respondents. [858 NYS2d 94]—

Order, Supreme Court, New York County (Helen E. Freedman, J.), entered November 24, 2006, which, to the extent appealed from as limited by the briefs, dismissed plaintiffs' fraud and negligent misrepresentation causes of action and dismissed all claims against defendant Michael H. Carstens individually, unanimously affirmed, without costs.

The court correctly found that plaintiffs' fraud claims related to the Phoenix LP investment and restructuring, the November 1997 subscriptions agreements, and Tech, Phoenix Cruise Lines, and Molifor were time-barred (CPLR 213 [8]).

Plaintiffs' claims based on alleged misrepresentations concerning the successful completion of earlier transactions and the alleged failure to disclose the fact that defendants Carstens and Joseph Del Valle were sanctioned, censured, and banned by the National Association of Securities Dealers in 1992 were properly dismissed, because such misrepresentations, even if they induced plaintiffs to invest in certain companies, did not relate to the financial condition of any of the companies and therefore did not directly cause the loss about which plaintiffs complain (*see Laub v Faessel*, 297 AD2d 28, 31 [2002]).

Dismissal was warranted also because the claims based on alleged misrepresentations lacked "the requisite particularity" (*Orix Credit Alliance v Hable Co.*, 256 AD2d 114, 116 [1998]; *Eastman Kodak Co. v Roopak Enters.*, 202 AD2d 220 [1994]; CPLR 3016 [b]). The complaint refers to "certain plaintiffs," "various plaintiffs," and "the Del Valle Defendants," which, as the court observed, makes it impossible to determine which plaintiffs relied on alleged misstatements and which defendants made the misstatements.

Claims based upon defendants' projections of returns on investment, such as the expected acquisition of the Orient Cruise Lines and the projected Southeast Cruise Holdings acquisitions, are not actionable because such projections are merely statements of prediction or expectation (*see Naturopathic Labs. Intl., Inc. v SSL Ams., Inc.*, 18 AD3d 404, 404 [2005]).

The court also properly dismissed the fraud claims as duplicative of the breach of contract claims, since they arose directly from the written provisions of the various subscription and other agreements (*see e.g. Meehan v Meehan*, 227 AD2d 268,

270 [1996]). Plaintiffs' contention that many of the alleged misrepresentations are extraneous to the contracts is unavailing, since none of these misrepresentations caused the actual investment losses. Moreover, that plaintiffs seek different remedies for the breaches of contract does not alter the nature of the underlying cause of action.

The court properly dismissed the claims against defendant Carstens individually, since the complaint alleges no specific representations or actions attributable to him. Any remark Carstens may have made to the effect that Southeast Cruise was a great project is a "nonactionable expression[ ] of opinion, mere puffing" (*Longo v Butler Equities II*, 278 AD2d 97, 97 [2000]).

We have considered plaintiffs' remaining arguments and find them without merit. Concur—Gonzalez, J.P., Nardelli, Buckley and Catterson, JJ. [*See* 2006 NY Slip Op 30011(U).]