■ GERARD WOODS et al., Appellants, v 126 RIVERSIDE DRIVE CORP. et al., Respondents. [882 NYS2d 106]—

Order, Supreme Court, New York County (Jane S. Solomon, J.), entered October 15, 2008, which granted defendants' cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendants established that the decision to withhold approval of plaintiffs' application for a new roof deck, the scope of which far exceeded the roof deck that existed at the time of plaintiffs' purchase of their cooperative apartment more than two years earlier, was made in good faith, and in the lawful and legitimate furtherance of corporate purposes. Contrary to plaintiffs' claim

that the actions of defendant Board were violative of the business judgment rule, the record shows that the Board's decision was based upon the opinions of the architect and engineer it hired to determine the feasibility of plaintiffs' plans (*see Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d 530, 538 [1990]).

Plaintiffs' breach of fiduciary duty claim was properly dismissed, since the Board owed no fiduciary duty to plaintiffs in their purchase of the unit from the prior lessee-shareholder (*see Messner v 112 E. 83rd St. Tenants Corp.*, 42 AD3d 356 [2007], *lv denied* 9 NY3d 976 [2007]). Thereafter, any fiduciary duty would not have required the Board to approve a plan for a new roof deck or to undertake to strengthen the roof support to accommodate plaintiffs' plans.

The lack of any fiduciary relationship is also fatal to plaintiffs' fraudulent concealment claims (*see SNS Bank v Citibank*, 7 AD3d 352, 356 [2004]; *900 Unlimited v MCI Telecom. Corp.*, 215 AD2d 227 [1995]). Moreover, plaintiffs have not asserted circumstances that would support their claims of misrepresentation and fraud. Where a party has the means of discovering, by the exercise of ordinary intelligence, the true nature of a transaction it is about to enter into, it must make use of those means or it cannot be heard to complain that it was induced to enter into the transaction by misrepresentations (*see 198 Ave. B Assoc. v Bee Corp.*, 155 AD2d 273, 274-275 [1989]; *East End Owners Corp. v Roc-East End Assoc.*, 128 AD2d 366, 370-371 [1987]). As plaintiffs acknowledged in an affidavit, they had an opportunity to inspect the roof before entering into the contract of sale and before closing. Furthermore, plaintiffs failed to allege facts from which it could be inferred that defendants made statements they knew to be false for the purpose of inducing plaintiffs to rely on those statements and that plaintiffs did indeed rely on the statements when purchasing the subject unit.

Plaintiffs' breach of contract and breach of implied contract claims were appropriately dismissed. The proprietary lease and other documents pertaining to the purchase of the subject unit demonstrate that defendants made no representations regarding the condition of the roof or the ability to replace the existing deck with a more elaborate structure. Plaintiffs' argument that the lease agreement was modified by oral representations made to them by defendants prior to their purchase of the unit is precluded by the lease's express provision that its terms cannot be changed orally (*see* General Obligations Law § 15-301 [1]; *Opton Handler Gottlieb Feiler Landau & Hirsch v Patel*, 203 AD2d 72 [1994]).

Plaintiffs' unjust enrichment claim was not viable, where plaintiffs have not identified what benefit was conferred on defendants. Nor have they set forth an equitable basis for the court to compel defendants to return it (see *Paramount Film Distrib. Corp. v State of New York*, 30 NY2d 415, 421 [1972], cert denied 414 US 829 [1973]).

Insofar as plaintiffs claim that the motion was premature, they failed to show that facts essential to the motion were in defendants' exclusive knowledge or that discovery might lead to facts relevant to the issues (see *Voluto Ventures, LLC v Jenkens & Gilchrist Parker Chapin LLP*, 44 AD3d 557 [2007]). Since plaintiffs were relying on statements they claim were made to them by defendants' representatives, such facts were not within defendants' exclusive knowledge.

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Andrias, J.P., Sweeny, McGuire, Acosta and Richter, JJ. [*See* 2008 NY Slip Op 32821(U).]