Johnson v Cestone (2018 NY Slip Op 04512)





Johnson v Cestone


2018 NY Slip Op 04512


Decided on June 19, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2018

Friedman, J.P., Sweeny, Webber, Kahn, Oing, JJ.


6911 152444/15

[*1]Sarah Johnson, Plaintiff-Appellant,
v
Maria Cestone, et al., Defendants-Respondents Hoyt David Morgan, et al., Defendants.


Judd Burstein, PC, New York (Judd Burstein of counsel), for appellant.
Schenck, Price, Smith & King LLP, New York (Ryder T. Ulon of counsel), for Maria Cestone and Roseland Ventures, LLC, respondents.
Pinnisi & Anderson, Ithaca (Michael D. Pinnisi of counsel), for Christopher Woodrow, respondent.
Quinn McCabe LLP, New York (Simon Block of counsel), for Molly Conners, respondent.
Hogan Lovells US LLP, Los Angeles, CA (Paul B. Salvaty of the bar of the State of California, admitted pro hac vice, of counsel), for Worldview Entertainment Holdings, LLC, Worldview Entertainment Holdings, Inc., Worldview Entertainment Capital, LLC, Worldview Entertainment Capital II, LLC, Worldview Entertainment Partners IV, LLC, Worldview Entertainment Partners V, LLC, Worldview Entertainment Partners VI, LLC, Worldview Entertainment Partners VII, LLC and Worldview Entertainment Partner IX, LLC, respondents.



Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered March 22, 2017, which, to the extent appealed from as limited by the briefs, granted defendants-appellants' motions to dismiss pursuant to CPLR 3211(a)(1) and (7) the causes of action for fraud, aiding and abetting fraud, negligent misrepresentation, fraudulent concealment, breach of contract, tortious interference with contract, conversion, and aiding an abetting conversion as against them, unanimously affirmed, without costs.
Plaintiff alleges that defendants fraudulently induced her, through continual misrepresentations, to invest substantial sums of money in various film projects during the period between 2011 and 2014.
As plaintiff argues, the merger clauses in the agreements she executed in connection with her investment in Worldview Entertainment Partners VI, LLC (WEP6), one of the funds defendants created for the purpose of financing a film, do not bar her claims that she was fraudulently induced to invest in that fund (see P.T. Bank Cent. Asia, N.Y. Branch v ABN AMRO Bank N.V., 301 AD2d 373, 377-378 [1st Dept 2003]). However, the complaint fails to state a cause of action for fraud because plaintiff cannot show that in deciding to invest in WEP6 she reasonably relied on the alleged misrepresentations about the returns on her earlier investment in Worldview Entertainment Capital II (WEP2) (see Stuart Silver Assoc. v Baco Dev. Corp., 245 AD2d 96, 98-99 [1st Dept 1997]). In the WEP6 agreements, and in similar agreements executed in connection with four earlier investments, plaintiff acknowledged that there was no financial or operating history upon which to rely, that the investment was speculative, that the success of a film was dependent upon the uncertainties of public acceptance, and that the film might be abandoned and not completed. In light of these warnings, plaintiff, a sophisticated investor, [*2]should have known that the success of the film related to WEP2 would not be indicative of the success of films related to subsequent funds and that she should not rely on misrepresentations related to the returns on WEP2 in investing in WEP6 or the subsequent funds.
The representations of which plaintiff complains that were made after the investment in WEP6 were not misrepresentations but projections of future returns on the other investments (see ESBE Holdings, Inc. v Vanquish Acquisition Partners, LLC, 50 AD3d 397, 398 [1st Dept 2008]). In any event, the record belies any claim that plaintiff could have reasonably relied on them.
Given the failure to allege reasonable reliance, the complaint also fails to state a cause of action for negligent misrepresentation (see Hudson Riv. Club v Consolidated Edison Co. of N.Y., 275 AD2d 218, 220 [1st Dept 2000]).
The complaint fails to state a cause of action for breach of section 2.7.6 of the operating agreement that plaintiff executed in connection with her investment in Worldview Entertainment Partners IV, LLC (WEP4), because section 2.7.6 does not prohibit the payment of a "producer/financing fee" prior to recoupment of WEP4's equity investment.
To the extent the complaint alleges tortious interference with the WEP4 operating agreement, the claim fails in the absence of a breach of that agreement, as indicated. To the extent it alleges tortious interference with certain oral agreements by defendant Maria Cestone, a member of the board of defendant Worldview Entertainment Holdings, Inc., the allegations show that Cestone was acting in the economic interest of the corporate defendants and are insufficient to show malice or fraudulent or illegal means (see Foster v Churchill, 87 NY2d 744, 750 [1996]). The allegations are insufficient to show that defendants Christopher Woodrow and Molly Conners, the officers of Worldview Entertainment Holdings, Inc., were acting outside the scope of their employment or were motivated by personal gain (see Joan Hansen & Co. v Everlast World's Boxing Headquarters Corp., 296 AD2d 103, 109-110 [1st Dept 2002]; Hoag v Chancellor, Inc., 246 AD2d 224, 228 [1st Dept 1998]).
The conversion and aiding and abetting conversion claims are duplicative of the breach of contract claims, i.e., they are predicated on breaches of contract and allege no facts that would give rise to tort liability (see Fesseha v TD Waterhouse Inv. Servs., 305 AD2d 268, 269 [1st Dept 2003]). The fact that the motion court upheld the unjust enrichment claim because defendants dispute the existence of the oral agreements does not alter this result (see e.g. Hochman v LaRea, 14 AD3d 653 [2d Dept 2005]; see also Chowaiki & Co. Fine Art Ltd. v Lacher, 115 AD3d 600, 600-601 [1st Dept 2014]).
In light of the foregoing, we do not reach plaintiff's remaining contentions.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 19, 2018
CLERK