Sontag v American Intl. Group, Inc. (2019 NY Slip Op 08954)





Sontag v American Intl. Group, Inc.


2019 NY Slip Op 08954


Decided on December 12, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2019

Richter, J.P., Manzanet-Daniels, Webber, Gesmer, JJ.


10574 156056/15

[*1] Gershon Sontag, etc., Plaintiff-Appellant,
v
American International Group, Inc., et al., Defendants-Respondents, Moshe Lebovits, Defendant.


Law Office of Elizabeth Eilender P.C., New York (David Jaroslawicz of counsel), for appellant.
Fishkin Lucks LLP, New York (Steven M. Lucks of counsel), for respondents.



Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered on or about May 5, 2017, which granted defendants American International Group, Inc. and American General Life Insurance Company's motion to dismiss the complaint as against them, and denied plaintiff's motion for a default judgment against defendant Moshe Lebovits, unanimously affirmed, without costs.
Much of this action, which concerns the sale of two stranger-oriented life insurance policies to plaintiff, and the instant appeal, has been mooted by the death of the insured and the fact that plaintiff has received the payout from the policies. To the extent plaintiff still seeks a mandatory injunction compelling the insurer to articulate how it calculated premiums because plaintiff believes he was overcharged, this claim was correctly dismissed because the damages are pecuniary in nature (see Mini Mint Inc. v Citigroup, Inc., 83 AD3d 596 [1st Dept 2011]).
Plaintiff is not entitled to a default judgment against defendant Lebovits because he has no viable claim against Lebovits (see Guzetti v City of New York, 32 AD3d 234, 235 [1st Dept 2006, McGuire, J., concurring] ["Some proof of liability is ... required to satisfy the court as to the prima facie validity of the uncontested cause of action"] [internal quotation marks omitted]). The fraud claim, which is premised on the allegation that defendants secretly sold plaintiff New Jersey life insurance policies, is belied by the text of the policies themselves, which refutes any allegation of justifiable reliance (see Sandcham Realty Corp. v Taub, 299 AD2d 220, 221 [1st Dept 2002]; see also Goldberg v Manufacturers Life Ins. Co., 242 AD2d 175, 180 [1st Dept 1998], lv dismissed in part, denied in part 92 NY2d 1000 [1998]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 12, 2019
DEPUTY CLERK