Array BioPharma, Inc. v AstraZeneca AB (2020 NY Slip Op 03291)





Array BioPharma, Inc. v AstraZeneca AB


2020 NY Slip Op 03291


Decided on June 11, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2020

Friedman, J.P., Mazzarelli, Gesmer, Singh, González, JJ.


11648 657269/17

[*1] Array BioPharma, Inc., Plaintiff-Respondent-Appellant,
v
AstraZeneca AB, Defendant-Appellant, AstraZeneca PLC, Defendant-Respondent.


Williams & Connolly LLP, New York (Sarah M. Harris of the bar of the District of Columbia, admitted pro hac vice, of counsel), for AstraZeneca AB, appellant and AstraZeneca PLC, respondent.
Skadden, Arps, Slate, Meagher & Flom LLP, New York (Kurt Wm. Hemr of counsel), for Array BioPharma Inc., respondent-appellant.



Judgment, Supreme Court, New York County (O. Peter Sherwood, J.), entered September 17, 2019, dismissing the complaint against AstraZeneca PLC, and bringing up for review an order, same court and Justice, entered on or about July 31, 2019, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss the amended complaint as against defendant AstraZeneca PLC, and denied defendants' motion to dismiss the complaint as against defendant AstraZeneca AB, unanimously affirmed, without costs.
Supreme Court properly refused to dismiss the claim against AstraZeneca AB (AZ AB). Under CPLR 3211[a][1], dismissal is only warranted if the documentary evidence resolves all factual issues and disposes of plaintiff's claim as a matter of law (Foster v Kovner, 44 AD3d 23, 28 [1st Dept 2007]). Defendants submitted only excerpts from the agreements related to the Merck collaboration. This limited submission was not adequate to demonstrate how the agreements were intended to work together, and whether Merck received any sublicensee rights outside the selumetinib sublicense agreement.
We agree with the court's decision to dismiss the complaint against AstraZeneca PLC (AZ PLC) but not on the jurisdictional grounds stated by the motion court (see Universal Inv. Advisory SA v Bakrie Telecom Pte., Ltd., 154 AD3d 171, 179 [1st Dept 2017]; Tate & Lyle Ingredients Ams., Inc. v Whitefox Tech. USA, Inc., 98 AD3d 401, 402 [1st Dept 2012]). Rather, we find that the sole claim of breach of contract against AZ PLC must be dismissed for failure to plead, and based upon documentary evidence. Generally, a breach of contract claim cannot be asserted against a non-signatory to the contract (Randall's Is. Aquatic Leisure, LLC v City of New York, 92 AD3d 463, 463 [1st Dept 2012], lv denied 19 NY3d 804 [2012]), unless a plaintiff pleads liability on veil piercing or alter ego theories (see e.g. Remora Capital S.A. v Dukan, 175 AD3d 1219, 1221 [1st Dept 2019]). Array has not pled any facts to support veil piercing or alter ego theories sufficient to demonstrate "inequity, fraud or malfeasance" (TNS Holdings v MKI Sec. Corp., 92 NY2d 335, 339 [1998]). Moreover, Array never pled that AZ PLC assumed AZ [*2]AB's rights and obligations under the selumetinib license agreement, and in fact, the documentary evidence directly refutes this argument.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 11, 2020
CLERK