Arena Riparian LLC v CSDS Aircraft Sales & Leasing Co. (2020 NY Slip Op 03589)





Arena Riparian LLC v CSDS Aircraft Sales & Leasing Co.


2020 NY Slip Op 03589


Decided on June 25, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 25, 2020

Friedman, J.P., Kapnick, Oing, González, JJ.


11275 654429/18

[*1] Arena Riparian LLC, Plaintiff, Arena Riparian (Cayman), LLC, et al., Plaintiffs-Respondents,
v
CSDS Aircraft Sales and Leasing Company, et al., Defendants-Appellants, Lance Toland Associates, LLC, et al., Defendants.


William & Connolly LLP, Washington, D.C. (Brian T. Gilmore of the bar of the District of Columbia, admitted pro hac vice of counsel), and Tucker & Latifi, LLP, New York (S. Robert Schrager of counsel), for appellants.
Brown Rudnick LLP, Washington, D.C. (Benjamin G. Chew of the bar of the District of Columbia and State of Virginia admitted pro hac vice of counsel), for respondents.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered September 9, 2019, which, to the extent appealed from, denied defendants-appellants' (hereinafter defendants) motion to dismiss the causes of action asserted by plaintiff Arena SPC Manager, LLC and the causes of action for tortious interference with contract, breach of fiduciary duty, fraud, aiding and abetting fraud, aiding and abetting breach of fiduciary duty, and tortious interference with prospective business advantage, unanimously modified, on the law, to grant the motion as to the fourth and fifth causes of action for fraud and aiding and abetting fraud and the thirteenth cause of action for aiding and abetting breach of fiduciary duty by defendant CSDS Aircraft Sales and Leasing, Inc. (CSDS), and otherwise affirmed, without costs.
The two remaining plaintiffs in this action, Arena Riparian (Cayman), LLC (Arena Cayman) and Arena SPV Manager, LLC (Manager), seek to hold defendants liable for damages flowing from plaintiffs' alleged failure to close on an aircraft transaction with Ethopian Airlines Group (EAG) in 2018.
Defendants' argument that Manager has no standing to maintain its claims fails on the face of the pleading, which alleges in detail that Manager was a member of the Arena Riparian joint venture, specifically, that it would "contribute capital, management experience, industry connections and finances for legal and diligence expenses" to the deal, and that it suffered damages as a result of defendants' actions. Defendants' related argument that plaintiffs rely on "impermissible group pleading" is also unavailing. Unlike the cases defendants rely on (see e.g. ESBE Holdings, Inc. v Vanquish Acquisition Partners, LLC, 50 AD3d 397 [1st Dept 2008]), in this action, the two (remaining) plaintiffs allege that they were part of a single joint venture, and they are asserting joint claims against the three (remaining) closely related defendants, namely CSDS, and defendants Benedict Sirimanne and Christopher Keller, who control CSDS. Only one overall transaction is alleged. The complaint does not otherwise fail for lack of specificity or under any other pleading standard.
The complaint fails, however, to state a cause of action against defendant CSDS for aiding and abetting a breach of fiduciary duty because CSDS is not alleged to have taken a single distinct action independent of the underlying breaches of Sirimanne and Keller (see Ulico Cas. Co. v Wilson, Elser, Moskowitz, Edelman & Dicker, 56 AD3d 1, 11-12 [1st Dept 2008]).
The fraud-based claims should also be dismissed because plaintiffs have not adequately alleged "actual pecuniary loss sustained" as the direct result of defendants' alleged fraud (Lama Holding Co v Smith Barney, 88 NY2d 413, 421 [1996] [internal quotation marks omitted]; see Sapienza v Becker & Poliakoff, 173 AD3d 640 [1st Dept 2019]). Instead, in their complaint, plaintiffs seek to recover lost profits they would have realized if they successfully completed the purchase of the aircrafts. However, plaintiffs cannot be compensated under a fraud cause of action "for what they might have gained"
(Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 142 [2017] [internal quotation marks omitted]; Sapienza at 640).
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 25, 2020
CLERK