La Scoula D'Italia Guglielmo Marconi v Gates Capital Corp. (2020 NY Slip Op 05859)





La Scoula D'Italia Guglielmo Marconi v Gates Capital Corp.


2020 NY Slip Op 05859


Decided on October 20, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 20, 2020

Before: Kapnick, J.P., Singh, Kennedy, Mendez, JJ. 


Index No. 650419/18 Appeal No. 12104 Case No. 2019-5938 

[*1]La Scoula D'Italia Guglielmo Marconi, Plaintiff-Appellant,
v
Gates Capital Corp., et al., Defendants-Respondents, Epstein, Becker & Green, P.C., et al., Defendants.


Marco & Sitaras, PLLC, New York (George Sitaras of counsel), for appellant.
Lawrence B. Goodman, New York, for respondents.



Order, Supreme Court, New York County (Jennifer Schechter, J.), entered June 18, 2019, which, to the extent appealed from as limited by the briefs, dismissed plaintiff's first, third, fourth, eighth, and tenth causes of action pursuant to CPLR 3211(a)(1) and (7), unanimously affirmed, with costs.
A CPLR 3211(a)(1) motion to dismiss will be granted where the "documentary evidence submitted conclusively establish[es] a defense to the asserted claims as a matter of law" (Spoleta Constr. LLC v Aspen Ins. UK Ltd., 27 NY3d 933, 936 [2016]). Here, the documents conclusively establish that defendants acted as placement agent to plaintiff and not, as plaintiff now contends, also as a financial advisor who owed plaintiff fiduciary duties.
Among other documents, the engagement letter states Gates' "role as Placement Agent will be to exert its best efforts to assist [plaintiff] in raising the funds," the Bond Placement Agreement (BPA) similarly defines Gates as "placement agent," and the parties referred to Gates as "placement agent" in correspondence.
Paragraph 15 of the BPA expressly disclaims any fiduciary relationship between plaintiff and defendant Gates in connection with "the offering of the Bonds or the process leading thereto," and plaintiff does not articulate any services performed by defendants that would fall outside of this category.
Plaintiff argues that the motion court failed to recognize that certain services in the engagement letter overlap with the Municipal Securities Rulemaking Board (MSRB) description of services that can be provided by a "municipal advisor" with fiduciary duties. This argument is unavailing as plaintiff fails to show such services, even if among those that can be performed by financial advisors, also fell outside of the "process leading []to" the "offering of the Bonds," as they would have to, in order to avoid the fiduciary duty disclaimer of the BPA. The examples of supposed advisory work that plaintiff gives, e.g., evaluating each bond structure, making recommendations for the financing team, creating a financing schedule, and exploring the bridge financing "in advance of the tax exempt bond financing," even as plaintiff describes them, fall within the broad scope of the "process leading to" the bond offering. The same holds true for defendants' use of the word "advisor" in the PowerPoint presentation made the day before the engagement letter was executed, as it was used to describe in what capacity plaintiff would "supervise and oversee the entire financing process." That the BPA did not come about until eight months into the parties' relationship is beside the point, since plaintiff articulates no services rendered during those eight months that would have fallen outside the scope of the fiduciary duty disclaimer.
Plaintiff's remaining claims were also properly dismissed. As the motion court observed, to the extent the fraud claim alleges defendants falsely promised to be plaintiff's placement agent, the claim is essentially that they falsely promised to perform under the BPA and thus is not a viable fraud claim (Cronos Group Ltd. v XComIP, LLC, 156 AD3d 54, 62-64 [1st Dept 2017]). To the extent it alleges defendants falsely promised to be financial advisors, the court appropriately dismissed the claim for the same reasons the fiduciary duty claim was dismissed, namely, that the key documents establishing and reaffirming the parties' relationship conclusively establish no financial advisory relationship arose. The breach of duty of good faith and fair dealing claim essentially alleges defendants intentionally breached their contracts with plaintiff and lied about having performed, and thus arises from the same flawed theory that justified dismissal of the fraud claim. The constructive fraud claim was properly dismissed as duplicative of the breach of contract claim. The aiding and abetting breach of fiduciary duty claim was also properly dismissed. As to the element of knowing inducement or participation in the breach (Bullmore v Ernst & Young Cayman Is., 45 AD3d 461, 464
[1st Dept 2007]), the pleading does not set forth why or how defendants knew or should have known that Acunto kept his allegedly ultra vires actions a secret from the Board; in
turn, it fails to plead why defendants should not have assumed the Board approved his actions.
We have considered the parties' remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 20, 2020