Innovative Sec. Ltd. v OBEX Sec. LLC (2024 NY Slip Op 05308)

Innovative Sec. Ltd. v OBEX Sec. LLC

2024 NY Slip Op 05308

Decided on October 29, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 29, 2024

Before: Singh, J.P., Pitt-Burke, Higgitt, Rosado, O'Neill Levy, JJ. 

Index No. 650685/23 Appeal No. 2916 Case No. 2024-02447 

[*1]Innovative Securities Ltd., Plaintiff-Appellant,
v
OBEX Securities LLC et al., Defendants-Respondents, Prime Capital (Bermuda) Ltd., Defendant-Appellant.

Offit Kurman, P.A., New York (Albena I. Petrakov of counsel), for Innovative Securities LTD, appellant.
Heller Horowitz & Feit, P.C., New York (Stuart A. Blander of counsel), for Prime Capital, (Bermuda) LTD., appellant and OBEX Securities LLC, Randy Katzenstein, respondents.
Herbert Smith Freehills, New York LLP, New York (Scott S. Balder of counsel), for Cowen Inc and Cowen International, respondents.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered on or about April 2, 2024, which, to the extent appealed from as limited by the briefs, granted the motions of defendants OBEX Securities, LLC, Randy Katzenstein, Cowen Inc., and Cowen International Ltd. to dismiss the complaint as against them and granted the motion of Cowen Inc. and Cowen International Ltd. (together, the Cowen defendants) to dismiss the cross-claims of defendant/cross-claimant Prime Capital (Bermuda) Ltd. with prejudice, unanimously modified, on the law, to the extent of striking the direction that the dismissal of Prime's cross-claims be "with prejudice," and substituting therefor a direction that dismissal of the cross-claims be "without prejudice," and otherwise affirmed, without costs.
The forum selection clauses in plaintiff's 2017 agreements with Cowen International bar so much of the first cause of action as seeks a declaration that those agreements were no longer in force and effect as of March 17, 2020 (see Breakaway Courier Corp. v Berkshire Hathaway, Inc., 215 AD3d 565, 565 [1st Dept 2023], lv denied 40 NY3d 903 [2023]). Although plaintiff asserts that the 2017 agreements were superseded by plaintiff's 2019 agreement with Prime, plaintiff concedes that the parties' course of dealing was unchanged by the 2019 agreement. Plaintiff does not allege that it terminated the 2017 agreements in writing, as required by their express terms. Plaintiff does not argue that the forum selection clause does not apply to Cowen Inc. Therefore, the forum selection clauses bar plaintiff's causes of action against the Cowen defendants, which "aris[e] out of or in connection with" the 2017 agreements. The cause of action for breach of fiduciary duty was also properly dismissed as against the Cowen defendants because plaintiff, in its agreement with Cowen International, represented and warranted that neither Cowen International nor any of its affiliates were acting as plaintiff's fiduciaries (see La Scoula D'Italia Guglielmo Marconi v Gates Capital Corp., 187 AD3d 581 [1st Dept 2020]).
Plaintiff does not dispute the dismissal of its first cause of action against Prime, OBEX, and Katzenstein. Plaintiff's second and third causes of action against these defendants, respectively for fraud and breach of fiduciary duty, were properly dismissed. Plaintiff failed to plead any specific misrepresentations, concealment, or breach of specific duties (see CPLR 3016 [b]; Berardi v Berardi, 108 AD3d 406, 406-407 [1st Dept 2013], lv denied 22 NY3d 861 [2014]; ESBE Holdings, Inc. v Vanquish Acquisition Partners, LLC, 50 AD3d 397, 398 [1st Dept 2008]). Moreover, brokers for nondiscretionary accounts do not owe clients a fiduciary duty (see Celle v Barclays Bank P.L.C., 48 AD3d 301, 302 [1st Dept 2008]). Insofar as we understand plaintiff to allege that it was not informed that its securities would not be segregated from Prime's or that Prime may use those securities as collateral for its own [*2]trading, these allegations are contradicted by Prime's brokerage terms, which plaintiff admits that it received and signed (see Woods v 126 Riverside Dr. Corp., 64 AD3d 422, 423 [1st Dept 2009], lv denied 14 NY3d 704 [2010]; Sandcham Realty Corp. v Taub,299 AD2d 220, 221 [1st Dept 2002]).
The fifth cause of action, for unjust enrichment, alleges that defendants improperly received money as a result of the wrongful margin calls placed by the Cowen defendants. This cause of action was properly dismissed as against the remaining defendants, because plaintiff has not alleged that they received any benefit as a result of these margin calls (see Woods, 64 AD3d at 424; see generally Corsello v Verizon N.Y., Inc., 18 NY3d 777, 790 [2012]).
Since plaintiff's action is being dismissed, there is no longer a basis under the circumstances presented here for Prime to assert cross-claims against the Cowen defendants. However, because Prime requests that the dismissal of its cross-claims be without prejudice, we determine whether the cross-claims state causes of action.
The cross-claim for breach of the express and implied provisions of the contract between Prime and Cowen International (first cross-claim) was properly dismissed as against Cowen Inc., which is not a party to that agreement, and Prime's alter ego allegations are insufficient (see Array BioPharma, Inc. v AstraZeneca AB, 184 AD3d 463, 464 [1st Dept 2020]; see also Sheridan Broadcasting Corp. v Small, 19 AD3d 331, 332 [1st Dept 2005]). However, this dismissal should have been without prejudice, as Prime may be able to make sufficient veil-piercing allegations if there is further litigation.
The Cowen defendants offer no substantive arguments as to why Prime's remaining cross-claims lack legal merit, and dismissal therefore should have been ordered without prejudice.
We have considered the parties' remaining allegations and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 29, 2024