**Innovative Sec. Ltd v OBEX Sec. LLC**

2024 NY Slip Op 34265(U)

December 2, 2024

Supreme Court, New York County

Docket Number: Index No. 650685/2023

Judge: Andrew Borrok

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 53

-----------------------------------------------------------------------------X

INNOVATIVE SECURITIES LTD,

                            Plaintiff,

                  - v -

OBEX SECURITIES LLC, PRIME CAPITAL LTD, COWEN
INC., COWEN INTERNATIONAL, RANDY KATZENSTEIN

                        Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 650685/2023 |
| **MOTION DATE** | 06/05/2024 |
| **MOTION SEQ. NO.** | 007 |

**DECISION + ORDER ON
MOTION**

HON. ANDREW BORROK:

The following e-filed documents, listed by NYSCEF document number (Motion 007) 102, 103, 104, 105, 106, 107, 108, 109, 110, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122

were read on this motion to/for                 JUDGMENT - SUMMARY                   .

Upon the foregoing documents, Prime Capital LTD (**Prime**)'s motion for summary judgment

(Mtn. Seq. No. 007) to dismiss Innovative's claims as against Prime for fraud in the inducement

(second cause of action), breach of fiduciary duty (third cause of action), and unjust enrichment

(fifth cause of action) is GRANTED.

As relevant, reference is made to an opinion of the Appellate Division, *Innovative Sec. Ltd. v*

*OBEX Sec. LLC*, 231 AD3d 646 (1st Dept 2024), pursuant to which the Appellate Division

affirmed the dismissal of Innovative's claims as against the Cowen defendants pursuant to a

forum selection clause and finding that to the extent that Innovative's claims are predicated on

assertions that it did not understand that its securities would not be segregated from Prime's or

that the accounts would be cross-collateralized, those allegations were contradicted by the

express terms of the brokerage agreement which tInnovative admitted it had received and signed:

650685/2023 INNOVATIVE SECURITIES LTD vs. OBEX SECURITIES LLC ET AL
Motion No. 007

Page 1 of 6

Order, Supreme Court, New York County (Andrew Borrok, J.), entered on or about April 2, 2024, which, to the extent appealed from as limited by the briefs, granted the motions of defendants OBEX Securities, LLC, Randy Katzenstein, Cowen Inc., and Cowen International Ltd. to dismiss the complaint as against them and granted the motion of Cowen Inc. and Cowen International Ltd. (together, the Cowen defendants) to dismiss the cross-claims of defendant/cross-claimant Prime Capital (Bermuda) Ltd. with prejudice, unanimously modified, on the law, to the extent of striking the direction that the dismissal of Prime's cross-claims be "with prejudice," and substituting therefor a direction that dismissal of the cross-claims be "without prejudice," and otherwise affirmed, without costs.

The forum selection clauses in plaintiff's 2017 agreements with Cowen International bar so much of the first cause of action as seeks a declaration that those agreements were no longer in force and effect as of March 17, 2020 (*see Breakaway Courier Corp. v. Berkshire Hathaway, Inc.*, 215 A.D.3d 565, 565, 187 N.Y.S.3d 620 [1st Dept. 2023], *lv denied* 40 N.Y.3d 903, 2023 WL 6153321 [2023]). Although plaintiff asserts that the 2017 agreements were superseded by plaintiff's 2019 agreement with Prime, plaintiff concedes that the parties' course of dealing was unchanged by the 2019 agreement. Plaintiff does not allege that it terminated the 2017 agreements in writing, as required by their express terms. Plaintiff does not argue that the forum selection clause does not apply to Cowen Inc. Therefore, the forum selection clauses bar plaintiff's causes of action against the Cowen defendants, which "aris[e] out of or in connection with" the 2017 agreements. The cause of action for breach of fiduciary duty was also properly dismissed as against the Cowen defendants because plaintiff, in its agreement with Cowen International, represented and warranted that neither Cowen International nor any of its affiliates were acting as plaintiff's fiduciaries (*see La Scoula D'Italia Guglielmo Marconi v. Gates Capital Corp.*, 187 A.D.3d 581, 135 N.Y.S.3d 7 [1st Dept. 2020]).

Plaintiff does not dispute the dismissal of its first cause of action against Prime, OBEX, and Katzenstein. Plaintiff's second and third causes of action against these defendants, respectively for fraud and breach of fiduciary duty, were properly dismissed. Plaintiff failed to plead any specific misrepresentations, concealment, or breach of specific duties (*see* CPLR 3016[b]; *Berardi v. Berardi*, 108 A.D.3d 406, 406–407, 969 N.Y.S.2d 444 [1st Dept. 2013], *lv denied* 22 N.Y.3d 861, 2014 WL 591241 [2014]; *ESBE Holdings, Inc. v. Vanquish Acquisition Partners, LLC*, 50 A.D.3d 397, 398, 858 N.Y.S.2d 94 [1st Dept. 2008]). Moreover, brokers for nondiscretionary accounts do not owe clients a fiduciary duty (*see Celle v. Barclays Bank P.L.C.*, 48 A.D.3d 301, 302, 851 N.Y.S.2d 500 [1st Dept. 2008]). ***Insofar as we understand plaintiff to allege that it was not informed that its securities would not be segregated from Prime's or that Prime may use those securities as collateral for its own trading, these allegations are contradicted by Prime's brokerage terms, which plaintiff admits that it received and signed*** (*see Woods v. 126 Riverside Dr. Corp.*, 64 A.D.3d 422, 423, 882 N.Y.S.2d 106 [1st Dept. 2009], *lv denied* 14 N.Y.3d 704, 2010 WL 606286 [2010]; *Sandcham Realty Corp. v. Taub*, 299 A.D.2d 220, 221, 752 N.Y.S.2d 15 [1st Dept. 2002]).

**650685/2023  INNOVATIVE SECURITIES LTD vs. OBEX SECURITIES LLC ET AL**
**Motion No.  007**

Page 2 of 6

2 of 6

The fifth cause of action, for unjust enrichment, alleges that defendants improperly received money as a result of the wrongful margin calls placed by the Cowen defendants. This cause of action was properly dismissed as against the remaining defendants, because plaintiff has not alleged that they received any benefit as a result of these margin calls (*see Woods*, 64 A.D.3d at 424, 882 N.Y.S.2d 106; *see generally Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790, 944 N.Y.S.2d 732, 967 N.E.2d 1177 [2012]).

Since plaintiff's action is being dismissed, there is no longer a basis under the circumstances presented here for Prime to assert cross-claims against the Cowen defendants. However, because Prime requests that the dismissal of its cross-claims be without prejudice, we determine whether the cross-claims state causes of action.

The cross-claim for breach of the express and implied provisions of the contract between Prime and Cowen International (first cross-claim) was properly dismissed as against Cowen Inc., which is not a party to that agreement, and Prime's alter ego allegations are insufficient (*see Array BioPharma, Inc. v. AstraZeneca AB*, 184 A.D.3d 463, 464, 126 N.Y.S.3d 91 [1st Dept. 2020]; *see also Sheridan Broadcasting Corp. v. Small*, 19 A.D.3d 331, 332, 798 N.Y.S.2d 45 [1st Dept. 2005]). However, this dismissal should have been without prejudice, as Prime may be able to make sufficient veil-piercing allegations if there is further litigation.

The Cowen defendants offer no substantive arguments as to why Prime's remaining cross-claims lack legal merit, and dismissal therefore should have been ordered without prejudice.

(*Innovative Sec. Ltd. v OBEX Sec. LLC*, 231 AD3d 646 [1st Dept 2024] [emphasis added]). As discussed below, these findings are significant to Innovative's claims asserted against Prime.

### I.     *Innovative's Claim for Fraudulent Inducement is Dismissed*

To recover damages for fraudulent inducement, a plaintiff must prove (i) a misrepresentation or an omission of material fact which was false and known to be false by the defendant, (ii) the misrepresentation was made for the purpose of inducing the plaintiff to rely upon it, (iii) justifiable reliance of the plaintiff on the misrepresentation or material omission, and (iv) injury (*CANBE Properties, LLC v Curatola*, 227 AD3d 654, 656 [2d Dept 2024]).

[* 3]

As discussed above, Section 1.2 of the brokerage agreement provides that (i) Innovative's cash and securities will not be segregated, (ii) Prime will retain title to them, and (iii) they may be used by Prime in the course of its own business, including as a security to meet Prime's liabilities:

1.2 Cash and Securities Account ("Assets")

1.2.1 Where the Counterparty transfers cash to PCBL, or cash is received by PCBL on the Counterparty's behalf, the Counterparty agrees that title to and full ownership of the cash is transferred to PCBL for the purpose of securing or otherwise covering the Liabilities. The effects of such title transfer are that (i) the cash ceases to be (or does not become) the Counterparty's cash, (ii) the Counterparty will have (subject to the provisions of these Terms) an unsecured contractual claim against PCBL for repayment of equivalent cash. Such cash shall remain recorded as credited to the Counterparty's Account for the purposes of this Clause.

1.2.2 Prime Broker's right to debit Cash Account. PCBL will have the right to debit cash from the Cash Account to discharge payments then due and payable by the Counterparty to PCBL.

1.2.3 Where the Counterparty transfers securities to PCBL, or securities is received by PCBL on the Counterparty's behalf, *the Counterparty agrees that title to and full ownership of the securities is transferred to PCBL for the purpose of securing or otherwise covering the Liabilities.* The effects of such title transfer are that (i) the securities ceases to be (or does not become) the Counterparty's securities, (ii) the Counterparty will have (subject to the provisions of these Terms) an unsecured contractual claim against PCBL for repayment of equivalent value of such securities. Such value of securities shall remain recorded as credited to the Counterparty's Account for the purposes of this Clause.

1.2.4 Prime Broker's right to debit Securities Account. PCBL will have the right to debit securities from the Securities Account to discharge payments then due and payable by the Counterparty to PCBL.

1.2.5 *PCBL will not segregate Counterparty cash or securities received by PCBL and may use such Assets in the course of tis [sic] own business.* If PCBL becomes insolvent, the Counterparty will rank only as a general creditor

(NYSCEF Doc. No. 9 at 2 [emphasis added]; *Innovative*, 231 AD3d 646).

Accordingly, Innovative's claim for fraudulent inducement must be dismissed, because Prime was informed of—and agreed to—the alleged "cross-collateralization" of its securities held in its subaccount with Prime (*Woods v 126 Riverside Dr. Corp.*, 64 AD3d 422, 423 [1st Dept 2009] ["Where a party has the means of discovering, by the exercise of ordinary intelligence, the true nature of a transaction it is about to enter into, it must make use of those means or it cannot be heard to complain that it was induced to enter into the transaction by misrepresentations."]). It simply does not matter whether the brokerage agreement was ever fully executed by the parties (NYSCEF Doc. No. 4 ¶ 25) because it was received and executed by Innovative. As such, they can not maintain a claim predicated on the assertion that the lack of segregation and "cross-collaterization" of its securities with Prime's was concealed (*Innovative*, 231 AD3d 646).

## II. *Innovative's Claim for Breach of Fiduciary Duty is Dismissed*

The elements of a cause of action to recover damages for breach of fiduciary duty are (1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct (*Matter of Caton*, 206 AD3d 993, 994 [2d Dept 2022]). As an initial matter, the plaintiff did not have a fiduciary relationship with Prime, its broker (*Celle v Barclays Bank P.L.C.*, 48 AD3d 301, 302 [1st Dept. 2008]). As such, the claim for breach of fiduciary duty fails. Equally important, the alleged breach is the failure to disclose the fact that the assets were not segregated and that they might be cross-collateralized. But, as discussed above, this was disclosed in the brokerage agreement that Innovative signed. As such, there was no breach. Accordingly, the breach of fiduciary duty claim is also dismissed.

## III. *Innovative's Claim for Unjust Enrichment is Dismissed.*

**650685/2023  INNOVATIVE SECURITIES LTD vs. OBEX SECURITIES LLC ET AL**
**Motion No.  007**

**Page 5 of 6**

5 of 6

To demonstrate unjust enrichment, a plaintiff must show "that (1) the other party was enriched, (2) at that party's expense, and (3) that 'it is against equity and good conscience to permit [the other party] to retain what is sought to be recovered'" (*Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 182 [2011]).  This claim too fails.  This margin call resulted from the exercise by the Cowen defendants of their rights.  Innovative was fully informed of and agreed to this possibility pursuant to the brokerage agreement (*900 Unlimited, Inc. v MCI Telecom. Corp.*, 215 AD2d 227, 227 [1st Dept 1995]).  Thus, this claim too must be dismissed and there are no issues of fact that merit further proceeding or discovery.

Prime's counterclaims against Innovative are hereby severed and may proceed separately (CPLR 3019[d]; *Hawkins-Bond v Konefsky*, 48 AD3d 417, 418 [2d Dept 2008]).

Accordingly, it is hereby

ORDERED that Prime's motion for summary judgment (Mtn. Seq. No. 007) is granted.

20241202123238AD0RR0K640F7A661649↓BA2A41BF074F832CC4E

| 12/2/2024 | | | |
|---|---|---|---|
| **DATE** | | **ANDREW BORROK, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

650685/2023   INNOVATIVE SECURITIES LTD vs. OBEX SECURITIES LLC ET AL
Motion No.  007

Page 6 of 6

[* 6]